No. 2242.—R. H. DIXEY *v.* PATRICK IRWIN—CITIZENS' BANK, Warrantor.

A party who removed from New Orleans to a foreign country and designated a person who resided here as his agent, and.the agent died soon after he left, and he failed to designate another agent, and suit is brought against him to enforce a mortgage which he gave before leaving, by executory process, such party can not, on returning to the State after the property has been sold, and in a petitory action to recover it back from the purchaser at sheriff's sale, be heard to urge that the sale is null because it was made contradictorily with a curator *ad hoc* appointed by the court to represent him as an absentee, when, in law, he was not an absentee, but only temporarily absent. 19 An. 351 ; 21 An. 208.

The designation of a party appointed by the court to represent an absentee in executory proceedings as curator *ad hoc*, will not render void the proceedings, if it appear from the records of the court, or otherwise, that the party appointed is an attorney at law. 21 An. 692.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *D. C. Labatt,* for plaintiff and appellant. *T. Gilmore,* for defendant and appellee. *A. Pitot,* for intervenor

HOWE, J. This case is similar in many respects to that of same plaintiff against Mandell, lately decided in favor of defendants therein.

The petition is framed apparently so as to include a suit for nullity of a judicial sale and a petitory action; but the plaintiff, in his brief, declares it is not a suit of nullity for reasons which he states, but is a petitory action asserting a superior title to the property in dispute to that of defendant. The plaintiff claims the property on the ground that the executory proceedings under which the Citizens' Bank undertook to enforce its mortgage debt against the plaintiff and caused to be sold the property, which was purchased by defendant, Irwin, were absolutely null and void, for want of proper citation, and that the court was without jurisdiction.

In this view of the case, as a petitory action, it is not necessary to examine all the points made by plaintiff, for some of them, though they might exhibit irregularities which could be considered in an action instituted with proper parties to annul a judgment or a judicial sale, can not be examined collaterally by a petitory action against a purchaser, certainly a purchaser like the defendant, who seems to have been in perfect good faith and to have paid a second price which has gone to discharge plaintiff's debts.

*First*—It is urged by plaintiff, appellant, that he was not an absentee in January, 1866, in such a sense as to authorize the appointment of an attorney or curator *ad hoc* to represent him in the executory proceedings.

The evidence shows that he sold his home in this city and left for Europe in 1864; that a few weeks after an agent he had in New Orleans died ; that he remained abroad, year after year, unrepresented in Louisiana; and that in January, 1866, when the Citizens' Bank desired to collect its debt, it was necessary and proper to appoint a representative for him. 19 An. 351 ; 21 An. 208.

Dixey v. Irwin—Citizens' Bank, Warrantor.

*Second*—It is objected that a curator *ad hoc*, so-called, was appointed, and not an attorney. If by attorney is meant an advocate or lawyer, a member of the bar, it appears by the record that such a representative was appointed. 21 An. 693.

*Third*—It is objected that notice equivalent to citation was not served on the plaintiff, Dixey, through the attorney appointed to represent him. The record, and especially the return of the sheriff, shows that this point is made in error. The demand—or notice of order of seizure and sale—was regularly served. This was the important act, which has been decided to be so far assimilated to citation as to interrupt prescription. 20 An. 192, and cases there cited.

*Fourth*—The plaintiff contends that the property was never seized by the sheriff in the executory proceedings. The record shows a seizure according to the law applicable to the parish of Orleans. If there were irregularities they were relative merely.

It is urged that at the time of seizure the property was occupied by the military forces of the United States, and, therefore, no seizure could be made. Granting they did occupy at one time an office in one corner of the extensive premises, they permitted the seizure when first made; they did not and do not complain, and they gave up whatever possession they had some three months before the sale.

*Fifth*—It is contended that the notice of seizure of the property which was served on the attorney *ad hoc* was addressed to the plaintiff instead of to the attorney, and was, therefore, fatally defective. Granting that a defect in this respect would constitute the sale an absolute nullity, which is to say the least, doubtful, there was no defect in this case. The service was regular. 2 An. 158.

On the whole we find no error in the decision of the lower judge, and

It is therefore ordered that the judgment appealed from be affirmed, with costs.

Rehearing refused.