LAND, J.
In February, 1904, the plaintiff filed a petition for a writ of seizure and sale, •based on an authentic act of mortgage, executed by the defendant on February 25, 1903, to secure the payment of a certain promissory note for $2,500, signed by the defendant and one J. I. Allen, payable on December 1, 1903, and bearing 8 per cent, interest .after maturity until paid. The act recited that the note had been remitted to the Bank •of Webster, of Minden, Webster parish, La., which acknowledged the possession and delivery thereof. The said bank was not a parly to the act of mortgage.
The petition recited that the note and a copy of said act were annexed to and made part thereof.-
The petition alleged that the defendant was a resident of Beeville, state of Texas, and prayed that J. F. Stephens, an attorney at law, be appointed to represent the absent defendant.
The judge so ordered, and on February 2, 1904, signed an order that a writ of seizure and sale issue as prayed for, “after legal appraisement, advertisement, and three days’ notice on defendant or counsel herein appointed to represent him.”
On February 4, 1904, the clerk of the court issued a three-day notice, addressed, “To J. F. Stephens, Curator ad Hoc, of the Parish of Red River;” and on the same day the sheriff served a duly certified copy of said notice on the said Stephens, curator, etc.
A writ of seizure and sale issued on February 10, 1904, pursuant to the order of the court; and the mortgaged premises, consisting of about 300 acres of land on Red river, was seized, advertised, and sold, on March 19, 1904, to J. J. Allen of Minden, La., for the price of $2,000 cash. On March 26, 1904, the property was conveyed to the said purchaser by sheriff’s deed in due form. Attached to the deed is a receipt for the net price of the sale, signed by the Bank of Webster, per its attorney of record.
On April 7, 1915, the defendant petitioned the judge of the district court in and for the parish of Red River, for an order for an appeal, suspensive and devolutive, from the decree of foreclosure of date February 2, 1904. The. application was granted as prayed for, and the appeal has been perfected.
Plaintiff has filed a motion to dismiss the appeal, on the ground that it has been barred by the prescription of one and two years.
By leave of the court, counsel for the alleged present owner of the premises have been permitted to file a brief in the case.
[1, 2] The contention of the defendant and *577 appellant is that the notice, addressed to and served on “T. K. Stephen's, Curator ad Hoe, of the Parish of Red River,” was and is an absolute nullity, because the notice was not directed to the defendant, nor to Mr. Stephens as curator ad hoc for the defendant, and neither the defendant’s name nor the word “defendant” appears anywhere in the body of the notice.
The caption of the notice, however, gives the title and number of the suit:
“In Eleventh District Court of Red River Parish, Louisiana.”
The writ of seizure and sale recites:
“And whereas, the said O. P. McDonald, through J. F. Stephens, curator ad hoc, after having been duly notified according to law, has failed to satisfy said mortgage.”
And the sheriff in his return recites:
“I also served a certified copy of this writ on J. F. Stephens, curator ad hoe, in the town of Coushatta, parish of Red River, Louisiana.”
The three days’ notice served on Mr. Stephens, attorney at law, notified him that, if he did not pay the demands of the petitioner within three days, a writ of seizure and sale would issue. The writ specified the sum sued for, with interest, attorney fees, and costs. This notice, by necessary implications, informed Mr. Stephens that he was notified as the defendant’s representative.
The judge, as required by article 737 of the Code of Practice, appointed an attorney (styled curator ad hoc) to represent the absent defendant. This designation of the attorney did not invalidate the proceedings. Dixey v. Irwin, 23 La. Ann. 426.
Hence appellant’s contention is reduced to the proposition that the three days’ notice served on the attorney produced no legal effect whatever, because the notice was not addressed to the defendant, or to the curator ad hoc óf the defendant.
A comparison of articles 735, 736, and 737 of the Code of Practice shows that the first two directs the giving of three days’ notice to the resident debtor, and the last provides that notice of the demand shall be given to the attorney appointed to represent the absent debtor.
The eases cited by appellant’s counsel come under the general rule, prescribed by the Code of Practice, that a citation must be addressed to the defendant; and in one of them no curator was appointed to represent the husband of the defendant. McFaddin v. Garrett, 49 La. Ann. 1319, 22 South. 358.
C. P. art. 737, is an exception to the general rule, in providing, first, that an attorney shall be appointed to represent the absent debtor; and, second, that notice of the demand should be given to the attorney. We may add that the Code of Practice prescribes no form for the three days’ notice. The notice to Stephens may have been defective in some respects, but we do not consider it as equivalent to no notice at all.
[3] In case of absentees, no appeal will lie after two years have expired, to be computed from the day on which the final judgment was rendered. C. P. art. 593.
As the defendant has lost his right of appeal through his own laches, it becomes unnecessary to consider the merits of the case.
It is therefore ordered that the appeal herein be dismissed at the cost of the appellant.