O’NIELL, J.
This was originally an action of slander of title, instituted by J. S. Richardson and his lessees. It was converted into a petitory action by the pleadings of the defendant, O. P. McDonald, who therefore occupies the position of plaintiff. Judgment was rendered in favor of the original plaintiffs, rejecting the demand of the defendant, McDonald, to be recognized as the owner of the land, and he has appealed.
The property in contest was seized under and by virtue of a writ of seizure and sale in the foreclosure of a mortgage in executory proceedings entitled “Bank of Webster v. O. P. McDonald,” and was adjudicated to one J. I. Allen on the 26th of March, 1904. Allen sold it to one J. M. Mixon on the 7th of November, 1906, and Mixon sold it to J. S. Richardson on the 28th of February, 1911.
The defendant, as plaintiff in this petitory action, attacks the validity of the proceedings by which the property was taken from him, with the following contentions, viz.:
First. That the act of mortgage on which the executory proceedings issued .was not granted in favor of any one, nor accepted by any one as mortgagee, and was therefore a nudum pactum.
Second. That the order of seizure and sale was null because it issued without citation or notice to the defendant, and ’Without authentic evidence of the indebtedness; that the promissory note alleged to have been secured by the mortgage was the only evidence of the debt; and that the copy of the mortgage, which was- null on its face, was not filed in evidence in the executory proceedings.
Third. That'the demand or notice to pay, served on John F. Stevens, as curator ad hoc, in the executory proceedings, was null, because it was not directed to nor served upon the defendant, McDonald, nór served upon any " person as his attorney or representative,' and because the notice did not allow a reasonable time for the defendant’s appearance, ' and was therefore not due process of law.
Fourth. That all of the proceedings including the sale in the executory proceedings were null, and, if sustained, .would deprive the defendant of his property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States and the second article of the Constitution of this state.
[1] The Bank of Webster is not a party to this suit, nor is J. I. Allen or J. M. Mixon. Therefore the plaintiff in this petitory action must fail if the act of mortgage and the executory proceedings were not absolutely null; that is, if they were only voidable, not void. A transfer of real estate that is voidable, not absolutely void, cannot be annulled except by a direct action of nullity against the parties to the transaction. See Vinton Oil & Sulphur Co. v. Gray, 135 La. 1059, 66 South. 357, reviewing the jurisprudence on this subject.
The plaintiff in the action of slander of title, as defendant in the petitory action, filed pleas of prescription of five and ten years, and a plea of res judicata, based upon the judgment of this court in the executory proceedings entitled Bank of Webster v. O. P. McDonald, 137 La. 574, 68 South. 959.
[2] The act of mortgage on which the ex-ecutory proceedings issued is somewhat irregular. No one was designated as the payee or mortgagee, except by inference from the declaration in the act that the mortgage was granted to secure the payment of the promissory note described in the act, and that the note was remitted to the Bank of Web-, ster. No one signed the act of mortgage as mortgagee; but it is settled by the jurisprudence of this court that the acceptance of a promissory note secured by mortgage and *656 a subsequent suit by the party to whom the note was given to foreclose the mortgage is sufficient evidence of the acceptance of the mortgage. See Roberts v. Bauer, 35 La. Ann. 455, reviewing the jurisprudence of this court and of France on the subject. See, also, Huber v. Jennings-Heywood Oil Syndicate, 111 La. 747, 35 South. 889. There is therefore no merit in the contention that the act of mortgage was a nudum pactum, or that it was invalid merely because it did not, in terms, declare that the promissory note secured by the mortgage was payable to the Bank of Webster, or that the mortgage was granted in favor of that bank. '
[3] The contentions, that the three days’ notice served upon the curator ad hoc appointed to represent the defendant, O. P. McDonald, who was absent from this state when the executory proceedings were instituted, was not a legal notice,' and that there was not sufficient authentic evidence before the judge who issued the fiat, were disposed of by this court on the appeal of O. P. McDonald from the order of seizure and sale. See Bank of Webster v. O. P. McDonald, 137 La. 574, 68 South. 959. As to the latter complaint, that the authentic evidence on which the judge of the district court issued the order of seizure and sale was insufficient, the defendant’s only remedy was by appeal. Being a nonresident, he was allowed two years in which to appeal from the order of seizure and sale. He took the appeal more than two years after the property had been sold in the executory proceedings, and, on the appellee’s motion to dismiss the appeal, the appellant contended that his delay for appealing had not expired because the demand or notice to pay (corresponding with the notice of judgment in ordinary proceedings) was not addressed to nor served upon him, but was addressed to and served upon a curator ad hoc. That contention was therefore a necessary issue to be decided in passing upon the motion to dismiss the appeal; and it was considered and decided in the judgment dismissing the appeal. See 137 La. 574, 68 South. 960. It, was also decided that the act of mortgage and the executory proceedings were not absolutely null, and that the defendant’s right to appeal from the order of seizure and sale was lost by the lapse of two years.
[4] Assuming that the question of due process of law was not disposed of on the appeal from the order of seizure and sale, and treating the question as an original one, our conclusion is that the defendant, O. P. McDonald, was not deprived of his property without due process of law. As defined in article 733 of the Code of Practice, the act of mortgage on which the executory proceedings issued imported confession of judgment. The mortgagor acknowledged the debt for which the mortgage was given in the presence of a notary public and two qualified witnesses, and thus authorized the mortgagee to resort to executory proceedings if the debt should not be paid. Thereafter the defendant left the state without having appointed an attorney to represent him; and by article 737 of the Code of Practice, the judge was authorized, on the request of the mortgagee, to appoint an attorney to represent the absentee and to have the notice to pay and the notice of seizure served upon him. Testifying as a witness in this case, the defendant^ McDonald, admitted that when he left the state he knew that if' he did not pay his debt to the Bank of Webster his property might be seized and sold during his absence; and he admitted that he did not make any effort to pay it.
One of the fundamental powers and purposes of government is to legislate upon titles to real estate, in the security of which the general welfare of society is involved. The Fourteenth Amendment of the Constitution of the United States only restrains the exercise of a legislative power so unreasona *658 ble, arbitrary, and unjust th'at it would, if exercised, destroy or impair a fundamental right. The law does not require that personal notice of its provisions be given to every individual whose rights are affected, and it does not, by charging every one with knowledge of its provisions, infringe upon their fundamental rights. See American Land Co. v. Zeiss, 219 U. S. 66, 31 Sup. Ct. 200, 55 L. Ed. 97, quoting Ballard v. Hunter, 204 U. S. 241, 27 Sup. Ct 261, 51 L. Ed. 461, and Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. 557, 3 L. Ed. 918. The power of the state to determine by what process an individual may be divested of his title to real estate is subject to his fundamental right to have notice and an opportunity to be heard. That right was not violated in this case. Article 737 of the Code of Practice, authorizing the court to appoint an attorney to represent an absent mortgagor and have the three days’ notice to pay served upon him and the foreclosure proceedings in rem prosecuted contradictorily against him, where the mortgagor has confessed judgment and expressly authorized such proceedings, is not so unjust or unreasonable as to destroy or impair a fundamental right.
[5] Assuming that the question was not disposed of by the judgment of this court on the appeal from the order of seizure and sale, our opinion and conclusion is that the designation of the attorney appointed to represent the absent defendant as curator ad hoc instead of attorney for the absentee was not an absolute nullity, but was nothing more than an informality, that is cured by the prescription of, five years, under article 3543 of the Civil Code. See Louaillier v. Castille, 14 La. Ann. 777; Allan v. Couret, 24 La. Ann. 24; Frazer v. Zylicz, 29 La. Ann. 534; Munholland v. Scott, 33 La. Ann. 1043; Webb v. Keller, 39 La. Ann. 68, 1 South. 423; Nagel v. Clement, 113 La. 196, 36 South. 935, citing with approval White v. Evans, 94 U. S. 6, 24 L. Ed. 40.
The judgment appealed from is affirmed.