Statement of the Case.
MONROE, C. J.
This suit was instituted on October 13, 1915, on a note for $2,500, made by plaintiff and defendant (each promising to pay the whole amount), dated February 25, 1903, payable to the Bank of Webster, or order, on December 1, 1903, with interest, and with attorneys’ fees in the event of nonpayment, and paraphed, “Ne varietur, February 25, 1903,” by John M. Davies, N. P., to identify it with an act of mortgage of that date whereby its payment was intended to be secured, which mortgage bore on a certain tract of land in the parish of Red River. Plaintiff alleges:
That when the note was given he and defendant were partners in business in Minden, La.; that defendant moved to Texas, and was there kept informed of the demands of the Bank of Webster for a settlement of the debt, which was his own obligation, with plaintiff as surety but not a party to the mortgage; that defendant instructed plaintiff to look to the land as security and authorized him to sell it and protect himself, and plaintiff endeavored so to do, but was unsuccessful, and that the bank finally sued in foreclosure of the mortgage, of which he informed defendant, who thereupon placed the land in his hands for sale for the security debt; but that plaintiff, being unable to find a purchaser, attended the offering in the suit of the bank, on March 26, 19Q4, and bid in the land at $2,000.
“That the sale did not satisfy the obligation, and your petitioner, as in solido security, had to pay the Bank of Webster and became by same subrogated to all the rights of the owner of the note as against O. P. McDonald, and, having, himself, paid it out of his own money, in full of all demands and as surety, is entitled to collect same from O. P. McDonald, and O. P. McDonald owes him the full amount, with interest and attorneys’ fees, as alleged; he having repudiated the sale of the land and demanded the lands back from your petitioner and his vendees and annulment of proceedings in the parish of Red River, looking to the sale of the property, as will be more fully shown on the trial of the case, by his refusal to settle with your .plaintiff according to the sale and his appeal *613 from the case suspensively, as will appear by the records in the Supreme Court case No. 20327, Bank of Webster v. O. P. McDonald, and suit by J. S. Richardson v. O. P. McDonald, in First district court, Caddo parish, La., No. 19834, where he has attempted to make, by vicious allegations, an attack on your plaintiff in the sale of the property.”
The petition further alleges:
That McDonald has collected some $17,000 out of oil company lessees from the property, and is “estopped by his acts, allegations, and positions, both as a litigant and as a witness, from shifting his positions and now denying his obligations to your plaintiff in this case; and, in the alternative, if he is not due the whole amount alleged, then that, in any event, he owes your plaintiff the full amount of the obligation alleged, subject to the sale of the land alleged, and is estopped by the suits and positions assumed by him from setting up any pleas of prescription and payment, and same has been fully interrupted by the appeal and suits alleged and placed by the security with your petitioner of the land to pay obligations alleged, and that the obligation has been kept alive and revived by demands judicial, as herein otherwise alleged, and is still a subsisting legal obligation due in settlement with your petitioner under allegations made.”
The prayer is for judgment for the amount of the note, with interest and attorneys’ fees, or, in the alternative, for such amount subject to a credit by the amount paid for the land.
Defendant filed an exception and prayer for oyer, and we find in the record:
(1) Copy of letter from defendant to plaintiff, January 4, 1904, saying:
“I have been unable to close deal for the land; therefore, give you full power of attorney to sign my name for sale of said place. Take the proceeds, settle our note, also my a/c with you and remit balance here to me. When you make the sale, if you don’t want to sign for me, you can just get -the papers up and send to me and I will sign and return to you.”
(2) Letter from same to same January 20, 1904, containing some observations that appear irrelevant in this case, and further as follows:
“Sell the land to Crichton for $2,500. If you can’t get that much for it, you had better make the bank hold on; their, interest is good, and, with a little longer time, you can realize more money for the land, for it is a fine piece of property and well worth $4,000. and the bank can’t get possession now as it is rented for this year and that is all I will be able to settle my accounts with.”
We take notice also of the records of this court, to which the petition herein refers, No. 21327, entitled Bank of Webster v. O. P. McDonald, 137 La. 574, 68 South. 959, and J. S. Richardson et al. v. O. P. McDonald, 139 La. 651, 71 South. 934; the record first mentioned being the appeal taken by McDonald in 1915 from the order of seizure and sale of February 2, 1904, which appeal, on motion of the plaintiff and appellee, was dismissed by this court on June 11, 1915 (Bank of Webster v. McDonald, 137 La. 574, 68 South. 959), and that last mentioned being an appeal by McDonald from the judgment in a suit brought by J. S. Richardson and H. J. Parker, as lessees in possession, alleging slander by McDonald of the title acquired by Richardson from Mixon, who had acquired from Allen, who had acquired at sheriff sale in the proceeding, via executiva, brought by the Bank of Webster, in which suit McDonald answered, setting up title in himself and alleging the nullity of the sheriff sale thereby converting the suit into a petitory action wherein he occupied the position of plaintiff and Richardson et al. accepted that of defendants, and wherein the title • of Richardson et al. was sustained by. a judgment of the trial court, which was affirmed on the appeal by this court (rehearing refused June 5, 1916, Richardson v. McDonald, 139 La. 651, 71 South. 934).
To the various matters thus alleged, as constituting his cause of action on the note of $2,500, which fell due on December 1, 1903, the defendant herein pleaded the prescription of five and ten years and “no cause *615 of action,” which exceptions having been maintained, plaintiff prosecutes this appeal.
Opinion.
[1] Considering the allegations of the petition in connection with the various exhibits therein referred to, it appears that McDonald authorized plaintiff to make such use of the mortgaged property as he found necessary for his protection, with, perhaps, the limitation, that he should get enough for it to pay the note. It also appears that the bank sued out executory process, agreeably ro an understanding with plaintiff, as a result of which the property was adjudicated to plaintiff for $2,000, and that he gave his note for that amount secured by mortgage on the same property, and paid, in cash, only the costs of the suit and the balance due in the note.
It further appears that on November 7, 1906, he conveyed the property to J. M. Mixon in exchange for property that Mixon conveyed to him; and, in the absence of any allegation to the contrary, it is fair to assume that he got the full value of his property in the exchange, and that it was worth, at least, the amount for which it was mortgaged, if not the $4,000 at which McDonald valued it, in the letter which plaintiff produces as one of his exhibits. Under those circumstances, and as McDonald’s appeal from the order for the executory process was dismissed as having been taken too late, and his attack upon the title which plaintiff acquired and conveyed to Mixon failed, and plaintiff’s title was sustained, we find ourselves at a loss to understand what it is that ho is now complaining about, and agree with the judge a quo that his petition discloses no cause of action.
[2] We further agree with the ruling of the -trial judge upon defendant’s plea of prescription. The note, upon its face, became prescribed on December 1, 1908, and this suit was instituted in October, 1915. Conceding that the prescription was interrupted by the issuance of the executory process, that interruption terminated with the sale of the property on March 26, 1904, and the prescriptive period was extended'to 'March 26, 1909. The appeal was taken some six years later, long after prescription had become an accomplished fact, and (as this court decided) long after the delay for an appeal had expired, and hence could have operated no interruption; and the suit by Richardson was not instituted until May, 1915, and had no hearing upon the question of the prescription of the note.
The note sued on does not disclose an obligation of suretyship but an obligation in solido on the part of the makers; but, conceding, arguendo, that, as between themselves, McDonald alone was the debtor to the hank, and that Allen paid the entire debt with his own money and with the proceeds of McDonald’s property, the prescription against his claim for reimbursement began to run, at the latest, on June 2, 1904, when he is said to have paid the balance due on the note, and it completed its course at the end of ten years from that time, falling, as .we take it, under O. O. art. 3544, which declares that—
“In general, all personal actions, except those before enumerated, are prescribed by ten years.”
The judgment appealed from is therefore Affirmed.