11 McKAY, Judge.
On July 14, 1981, the defendants, Jack M. Sands and Martha Rosen Sands, executed a promissory note in the amount of $52,000.00 in favor of First Fidelity Mortgage Company. The note was executed in connection with the Sands’ purchase of a multi-family dwelling located at 617 N. Scott Street in New Orleans. The note was identified with an Act of Mortgage on the aforementioned property also executed on July 14, 1981. The note was payable in consecutive monthly installments beginning on September 1, 1981, until paid except any remaining indebtedness would be due on August 1, 2011. In the event the borrower missed a monthly payment, the holder had the option to accelerate payment on the outstanding amount.
First Fidelity Mortgage Company failed in July of 1981, and consequently executed an assignment of mortgage note in favor of Federal National Mortgage Association. The defendants became delinquent in the payment of the note and on February 16, 1990, Federal National Mortgage Association filed a lawsuit and proceeded by exec-utory process to seize the mortgaged property. On March 5, |¡>1990, the Sheriff served a Notice of Demand for Payment on the defendants, thereby placing them on notice that the note was due and exigi-ble.
The Sheriff seized the property and after it was appraised and advertised, the property was sold at public auction on July 26, 1990, for the sum of $38,500.00. However, this amount only partially satisfied the note.
On May 20, 1993, the Federal National Mortgage Association assigned unto plaintiff, Dyck-O’Neal, Inc., any and all rights it possessed against the defendants. Dyck-O’Neal filed a Petition for Deficiency Judgment on April 17, 1995, alleging it was owed $20,094.89, plus 13.25% interest per anum from the date of the foreclosure (July 26, 1990) until paid, 10% of the principal as attorney’s fees, and all costs of these proceedings. In response, the defendants filed an exception of prescription, alleging that the petition for deficiency judgment was filed more than five years after service of the notice of demand for payment. This exception was dismissed. Subsequently, a trial on the merits was held oh July 9, 1998. The trial court ruled in the plaintiffs favor, holding its claim had not prescribed and that the amounts sued for in the plaintiffs petition for deficiency judgment were due and owing. It is from this judgment that defendants appeal.
At issue in this appeal is whether prescription for the purposes of pursuing a deficiency judgment commences to run from the date of the foreclosure sale of the mortgaged property or from the date of service of notice of demand.
*70 “Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of fíve|3years. This prescription commences to run from the day payment is exigible.” LSA-C.C. Art. 3498. The defendants contend that any claim the plaintiff possessed to pursue a deficiency action prescribed on March 5, 1995, five years from the date they were served with a notice of demand for payment in the prior executory proceeding. However, the plaintiff contends that its deficiency claim would not have prescribed until July 26, 1995, five years from the foreclosure sale of July 26,1990.
In support of their position, the defendants rely largely on Lacour Plantation Co. v. Jewell, 173 So. 761, 186 La. 1055 (1937). The defendants cite Lacour for the proposition that the running of prescription on a promissory note is interrupted by the service of demand to pay but such interruption does not suspend prescription continuously. However, Lacour can be distinguished from the case sub judice. The property in Lacour was never seized by the sheriff, nor was a writ of seizure and sale ever issued. The last step taken in the foreclosure proceeding in Lac-our was when the sheriff served notice of demand to pay on the receivers. Accordingly, the defendants’ reliance on Lacour is misplaced.
The Louisiana Supreme Court dealt with the issue of interruption of prescription on a promissory note in Allen v. McDonald, 149 La. 610, 89 So. 799 (1921). In Allen, the Court found that prescription was interrupted by the issuance of executory process and that interruption terminated with the sale of the property. Id. at 801. Additionally, our brethren in the Third Circuit, when addressing the issue in connection with a chattel mortgage, also found that the executory Lproceeding interrupted the running of prescription upon the note until the date of the sheriffs sale. Lewis Roy Motors, Inc. v. Pontier, 204 So.2d 423 (La.App. 3 Cir.1967).
The threshold event from which prescription commences is when the monies for which the collateral was sold were credited to the amount owed on the note. This event is of course the sheriffs sale. Whether or not a claim for a deficiency judgment exists cannot be known until the sheriffs sale takes place. Accordingly, from a common sense point of view, the sheriffs sale must be regarded as a step in the foreclosure proceeding which interrupts the running of prescription. In any event, the trial court was not manifestly erroneous in finding that the plaintiffs claim had not prescribed.
For the forgoing reasons the judgment of the trial court is affirmed.
AFFIRMED.