PROVOSTY, J.
Plaintiff alleges that he sold $8,000 worth of furniture to one Collins for the furnishing of a hotel leased by Collins, taking the notes of Collins for the amount.
That thereafter Collins transferred his lease of the hotel and sold the contents thereof to H. P. Adams & Co., a partnership composed of H. P. Adams, Sam Curtright, and F. S. Robertson, who assumed the payment of the notes due the petitioner.
That some time thereafter the lessors of the hotel, namely, J. B. Reynolds, Miss Lizzie Reynolds, Floyd P. Hodges, Mrs. Margaret Reynolds, and Sidney W. Tullos, brought suit against H. P. Adams & Co., aid provisionally seized the contents of the hotel, including the furniture sold by plaintiff.
That on the same day one Brewster also filed suit against said H. P. Adams & Co., claiming to be subrogated to the rights of the lessors of said hotel on certain rent notes alleged to have been purchased by him, and claiming to have been subrogated to the rights of tbe petitioner “on certain notes given by Collins to your petitioner as part of the purchase price of the furniture,” which said notes the said Brewster alleged that he had purchased or paid, and claiming to be the owner of a certain duehill for $2,-000 given by said H. P. Adams & Co. to the said Collins as part of the price of their purchase from him, and that in said suit said Brewster caused said furniture to he provisionally seized and sequestered, claiming thereon a lessor’s and a vendor’s privilege for the amount of said notes, respectively.
That on the same day petitioner filed suit on the notes given him by Collins as aforesaid, and assumed by H. P. Adams & Co. as aforesaid, and sequestered all the furniture that could he identified as forming part of that sold by him, claiming a vendor’s privilege thereon, and asking that his said claim be paid by preference out of the proceeds thereof; said suit hearing the docket num-. her 8,347.
That thereupon petitioner and said other suing creditors entered into an agreement for the immediate sale of the property seized, said agreement being conditioned
“That the proceeds of sale take the place of said property in the hands of the sheriff, subject to each and all the rights of the various parties to said suits, and subject to the rights, liens and privileges of each and all of said parties (the rights of the parties to the various suits not to be lessened or impaired, or in any manner waived, by this agreement, but to remain as if no such sale had been made).”
That petitioner filed interventions in the said suits of the said lessors and of the said Brewster, in which he set up the same claim as in his own separate suit against the said H. P. Adams & Co.
That the defendants H. P. Adams & Co. filed an exception of prematurity in petitioner’s said suit No. 8,347, and that said exception was sustained, except as to one of the notes which was already matured.
That exceptions were filed to the said interventions of petitioner in the other two suits, but were overruled, and that thereafter the plaintiffs in said suits dismissed their *117 said suits, “thereby dismissing your petitioner’s interventions.”
That the furniture sold by petitioner to Collins was sold separately by the sheriff, and realized $5,375, and that said fund is now in the custody of the court, having been bonded by said H. P. Adams & Co.
That the said lessors and said Brewster' — •
“Have conspired and colluded with the said H. P. Adams & Co', to dismiss the said suits in which your petitioner had filed interventions, in order that they might defraud your petitioner out of his claim, and deprive him of the lien and privilege which he has under the law, as vendor, on the proceeds of the property sold by him to said Collins, and by said Collins to said IT. P. Adams & Co.
“That said Brewster was not a creditor of said IT. P. Adams & Co., or, if he was, that he had no privilege. That the said lessors were not creditors of the said IT. P. Adams & Co. in the amount claimed by them, or, if they were, they did not have a lessor’s privilege to the extent claimed. That a large portion of the amount claimed by said lessors was due for other things than for the rent of the building. .And moreover said lessors have waived the lessor’s privilege to the extent of 50 per cent, in favor of the petitioner.”
That “all of the above-named parties have conspired and colluded to defraud your petitioner, and by reason of said acts they are each and all liable to your petitioner in solido for the full amount of a balance due your petitioner on account of the purchase of said furniture, $0,200.40 and interest, as shown by the attached notes. That your petitioner has a right of action against the fund now in hands of your honorable court, being the proceeds of the sale of the property which was identified as property sold by your petitioner, said amount being $5,375, said amount now being released on bond to the said Adams, Curtright, and Robertson, forming the partnership of IT. P. Adams & Co., defendants in said suits, and principals in said release bond, with A. T. Kahn and Andy Maloney as sureties on said bond.”
That said Adams, Curtright, and Robertson have left the state permanently, and a curator ad hoc should be appointed to represent them in this suit.
That “all of said notes of your petitioner are now due and unpaid.”
That the said H. P. Adams & Co. acknowledged in open court their liability on said notes, and made tender of the amount which was due at the time the said suit No. 8,347 was instituted, viz., “$265, which amount your petitioner accepted, reserving the right to prosecute his suit for the balance due on account of said notes.”
The prayer is — •
“That a curator ad hoc be appointed to represent each of the defendants IT. P. Adams, R. W. Collins, Sam Curtright, and P. A. Robertson, and that all. of said defendants, to wit, R. W. Collins, IT. C. Brewster, P. A. Robertson, Andy Maloney, A. T. Kahn, and the said lessors, viz. Mrs. Margaret Reynolds, S. W. Tullos, J. E. Reynolds, Miss Lizzie Reynolds, Floyd Hodges, be each served with copy hereof and cited to answer thereto, and finally for judgment against each and all of the said defendants in solido, except A. T. Kahn and Andy Maloney, the sureties on the above bond, in the sum of $6,200.40 and interest, as shown by the attached notes, being the full amount due on the above-described notes, and judgment against A. T. Kahn and Andy Maloney, sureties on said bond, in the full sum of $5,375, the amount of their liability herein under said bond.”
To this petition the sureties filed exceptions of prematurity and no cause of action.
The curators ad. hoc of the defendants Collins, Adams, Curtright, and Robertson filed exceptions to the jurisdiction of the court ration® person®.
The other defendants filed exceptions of misjoinder of parties, prematurity, and no cause of action.
Plaintiff thereupon filed a supplemental petition, in which he alleged that for the amount of his said claim he had a vendor’s lien on the $3,375, proceeds of the sheriff’s sale of the furniture sold by him to Collins, and that by the agreement of the parties said proceeds were left in the custody of the court, but that same were bonded by said IT. P. Adams & Co., as stated in the original petition.
And be prayed that bis said vendor’s privilege, as against the said R. W. Collins, IT. P. Adams, Sam Curtright, and P. A. Robertson, on the furniture sold said Collins, be recognized and enforced, and that his right to be paid by preference out of the proceeds thereof be recognized and enforced as against all the defendants.
The plaintiff recognized that the exception *118 interposed by the sureties was well founded, and voluntarily dismissed his suit as to them.
The jurisdictional plea interposed in behalf of the absentees is clearly well founded. On a moneyed demand — and plaintiff’s demand against these absentees is purely a moneyed demand — an absentee can be brought into court only by the actual seizure of his property (Laughlin v. Ice Co., 35 La. Ann. 1185), and no seizure has been made in this case. A seizure made in another suit will not answer. It must be made in the suit itself. It is, as it were, the property seized which is the defendant in the suit. At one time a mere allegation that there was property within the jurisdiction of the court subject to seizure was sufficient, but since the decision in Pennóyer v. Neff an actual seizure has been held to be essential whenever a moneyed judgment is demanded.
In their brief the learned counsel for plaintiff seek to meet the difficulty by the following argument. They say:
“No personal judgment is asked against the absentees, and they only become necessary parties to enable plaintiff to liquidate and fix the character of his claim on the property seized and sold. It is in the strictest sense of the term, as against them, an action in rem, pure and simple'; and the jurisprudence of this state, and that of all other jurisdictions, sanctions the right to bring an absentee into court in such cases to enforce a lien not only against real estate, but also against personal property.”
Learned counsel here draw a distinction between a personal judgment — that is to say, a judgment condemning the absentees to pay the debt — and a judgment which would not be a personal judgment, but which would merely liquidate the debt. are unable to see any difference between the two.' Any judgment that may be rendered on the merits in this ease must either condemn the absentees to pay the debt, or absolve them from it. There can be no middle course. There is but one way of “liquidating” a debt by judgment, and that is by condemning the debtor to pay it. A judgment which would be limited to fixing the amount of a debt, without condemning the debtor to pay it, would be mere idle verbiage. Equally idle would be a judgment fixing the character of a debt, and not condemning any one to pay it. If in this case the court were to declare that the debt due on the notes amounted to so much, and that it was of a privileged character — that is to say, was secured by a vendor’s privilege on the proceeds of the sale of the furniture — and stopped there, the court would not have said anything that everybody did not know already, and would have contributed absolutely nothing towards the enforcement of plaintiff’s rights. The fact is that the only thing which plaintiff can ask against these absentees is that they be condemned to pay the debt on the notes. He has against them no other demand or cause of action whatever, and that, and nothing else, is what he is asking against them. He wants to obtain a judgment against them, to be enforced thereafter by ordinary process.
The learned counsel say that jurisprudence sanctions the bringing of an absentee into court for the enforcement of a lien not only against his real estate, but also against his personal property. If by this the learned counsel mean that, wherever a debt is secured by privilege upon some property situated within the jurisdiction of the court, a seizure, to serve as the basis of the suit, may be dispensed with, all we have to say is that the proposition cannot be sustained. The suit upon such a debt is a suit in personam, and must be based upon an actual seizure of property; and, as already stated, a seizure in another suit will not answer. The privilege can be enforced only in the suit in which the property has been seized. Plaintiff recognized this when he intervened in the two suits in which the property had been seized.
In the oral argument counsel likened this *119 suit to a concursus. But for a concursus there are wanting two essential elements: First, property upon which competing creditors might be ranked; and, second, competing creditors.
Granting, argumenti gratia, that property under seizure in another suit can serve as a basis for a concursus in this suit, is it shown that there is under seizure in another suit property belonging to these absentees? The furniture belonged to them, but that has been sold. The proceeds of the furniture belonged to them, but that has been restored to them. The only thing which remains in court is their bond — their personal obligation — and this bond cannot be said to be their property. It is not due to them, but by them. While, in a sense, it represents the proceeds, it does so only relatively to any judgment that may be rendered in the suit in which it has been given. The agreement is to pay the judgment in the suit, not the judgment in some other suit, not the judgment in this suit.
As to there being competing creditors, the only persons referred to in the petition as having ever pretended to be creditors are the lessors and Brewster. Of these, Brewster is alleged to have never been a creditor, and to have dismissed his suit. The lessors are alleged not to be creditors “in the amount claimed by them.” Standing by itself, this allegation might be understood to mean that these lessors were creditors in a less amount than that claimed; but, read in connection with the allegation that their suit was fraudulent (i. e., based upon a nonexistent debt), and in connection with the allegation that they have dismissed their suit, it can well be taken as a negation of the existence of their claim. Be.this, however, as it may; certainly the petitioner does not allege that either Brewster or the lessors are now urging any claim to these proceeds. Therefore, for all that appears, plaintiff is now the only creditor setting up any claim, to these proceeds.
Another feature that is lacking in this, suit, in order that it should be a concursus, is a prayer or request from somebody that there be a ranking of privileges. Nobody is asking such a thing in this suit. Brewster and the lessors are not asking it. Plaintiff is not asking it. All that plaintiff is asking is that the absentees be condemned to pay him the debt, and that his privilege securing the debt be recognized and enforced upon them property.
It is noteworthy that Collins has no interest in the proceeds in question, and that therefore there can be no pretense of there being any property of his against which the-judgment in this suit could be made effective.
The exception of no cause of action interposed by the lessors and Brewster was properly sustained. The complaint against them is that they conspired with rhe other defendants to defeat plaintiff’s recourse on his vendor’s lien against the furniture, and that 'n-pursuance of this conspiracy they brought the two suits in question on claims either wholly or partly fictitious, and caused the furniture to be seized and sold, and the proceeds to be bonded. Had the petition gone-on and shown that the furniture had been sold for less than its value,1 or that the-object of the conspiracy had been accomplished in any degree (that is to say, that plaintiff’s recourse against the proceeds of1 the furniture had been defeated in any degree), a cause of action might have been shown. But the allegation is to the contrary p it is that the proceeds are still in court, and that plaintiff is entitled to have his privilege-upon them recognized and enforced; and the prayer is accordingly. A conspiracy does not of itself give rise to a right of action. It does so only in so far as it causes1 injury. It is the injury that is the ground of the action. Plaintiff does not allege any *120 injury. So far as appears from the allegations of the petition, the proceeds represent the full value of the furniture, and are still in court, subject to plaintiff’s recourse upon them.
Plaintiff’s learned counsel argue in their brief that the dismissal of the suits of Brewster and the lessors did not have the effect of dismissing plaintiff’s intervention therein; and they cite the decision of this court in the case of State v. Judge, 48 La. Ann. 459, 19 South. 256, to that effect. But we do not understand that the question is raised in this ease.
Counsel also invoke the general principles that wherever there is a wrong there is a remedy, and that in the absence of express law our courts will decide according to equity. But upon the exception of no cause of action the very question is whether there has been a wrong done to plaintiff (that is, a loss inflicted upon him); and upon the exception of want of jurisdiction there is no absence of express law. On the contrary, the matter is governed by the requirement of due process of law — the highest law of the land.
Judgment affirmed.