(49 South. 991.)

No. 17,450.

ROGERS v. BINYON.

(May 24, 1909. Rehearing Denied June 23, 1909.)

1. MORTGAGES (§ 559*)—FORECLOSURE — DEFICIENCY JUDGMENT.

In a proceeding via ordinaria against a nonresident, represented by a curator ad hoc, upon notes secured by mortgage and vendor's lien, where the act of mortgage and the notes restrict the right of recovery to the property, and where plaintiff prays only for the seizure and sale of the property, a personal judgment against the defendant is void, because the court is without jurisdiction to render such judgment because it is unauthorized by the contract sued on, and because it is ultra petitionem.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 559.*]

2. MORTGAGES (§ 440*)—FORECLOSURE—SUBSTITUTED SERVICE—EXECUTORY PROCESS.

Substituted service is sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act (Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565); and, a court having the power, through such service and in the manner indicated, to bring property lying within its territorial jurisdiction under its control, the proceeding to enforce a mortgage granted by act importing confession of judgment may under our law be either via executiva or via ordinaria, and in either case by substituted service.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 440.*]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by B. F. Rogers against W. P. Binyon. Judgment for plaintiff, and defendant appeals. Amended and affirmed.

Wise, Randolph & Rendall, for appellant. Herndon & Herndon, for appellee.

Statement of the Case.

MONROE, J. This is a proceeding via ordinaria on three promissory notes executed by defendant and secured by mortgage and vendor's lien. Defendant, who is a nonresident of the state, was represented by a curator ad hoc (appointed at the instance of plaintiff), who pleaded the general issue.

The act of sale and mortgage annexed to the petition contains the following stipulation to wit:

"It is expressly agreed that the liability of the purchaser, and maker of these notes, is restricted to the property above sold, and no proceedings shall be taken against the purchaser, herein, or any future holder of said note or notes, except to foreclose on the above property. * * * In the event of suit for the collection of said notes, said purchaser shall pay all costs of same, including ten per cent. attorney's fees on the amount sued for; liability, however, restricted to property herein sold and purchased as above stipulated."

And two of the notes sued on (for $5,000 and $80,000 respectively) bear upon their faces the following:

"Property sold identified herewith and no proceedings to be taken except to foreclose on said property."

Plaintiff nevertheless obtained a personal judgment against defendant (though it was not prayed for) for the aggregate amount of the three notes ($91,000), with interest,

and decreeing (as prayed by him) that his "vendor's lien and privilege and mortgage be recognized and enforced" as to certain of the mortgaged land, and that the same "be seized, and sold for cash, without the benefit of appraisement, to satisfy the sum of five thousand dollars ($5,000), principal, interest, and costs, and a credit of eighty thousand dollars ($80,000) due November 8, 1908, and that the plaintiff's vendor's lien and privilege and mortgage be recognized and enforced" on certain other of said land, and that the last above described tract of land "be seized and sold, for cash, without the benefit of appraisement, to pay and satisfy the sum of six thousand dollars ($6,000) with 6 per cent. per annum interest thereon from November 14, 1906, until paid, with costs of this suit, including 10 per cent. (10%) attorney's fees on the said sum and interest."

## Opinion.

Defendant appears to be represented in this court by counsel of his own selection, and they pray that the judgment appealed from be reversed.

In so far as plaintiff seeks to recover a personal judgment against defendant, the court a qua was without jurisdiction, for the reason that defendant is a nonresident, and was not cited personally. But, if defendant had submitted to the jurisdiction, the judgment, as rendered, would have been unauthorized, because it is in direct violation of the contract sued on and made part of the petition. In fact, as there had been no seizure of property, it might be argued upon the authority of Code Prac. art. 12, and Labauve v. Slack, 31 La. Ann. 141, that the district court was without jurisdiction to render any judgment whatever, since in the case cited it was held "that, when the creditor proceeds against the mortgagor or his heirs to enforce his debt and mortgage, the action is not real," from which it would follow that such an ac-

tion must necessarily be personal, and a personal action must be based on real, and not constructive, citation. Article 163 of the Code of Practice, however, provides that:

"When proceedings are instituted in order to obtain the seizure and sale of real property, by virtue of an act of hypothecation, importing confession of judgment, * * * the defendant may be cited, whether in the first instance or on appeal, either within the jurisdiction where the property * * * is situated, * * * or in that where the defendant has his domicile, as the plaintiff chooses, provided, that all judgments, rendered in such cases, shall be only operative up to the value of the property proceeded against, and not binding for any excess, over the value of the property, in personam, against the defendant."

In Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, it was held by the Supreme Court of the United States (quoting from the syllabus) that:

"Substituted service * * * is sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act."

And, a court having the power, through such service and in the manner indicated, to bring property lying within its territorial jurisdiction under its control, the proceeding to enforce a mortgage granted by act importing confession of judgment may under our law be either via executiva or via ordinaria, and in either case by substituted service.

We are therefore of opinion that to the extent that plaintiff is seeking to enforce his rights against the real property found within the jurisdiction of the district court the suit was properly brought and the judgment properly rendered, but the relief granted must be confined, not only under the law, but, under the contract sued on, to the property.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by striking therefrom the following words, to wit:

"That plaintiff, B. F. Rogers, do have and recover judgment against the defendant W. P. Bin-

yon for the sum of ninety one thousand dollars ($91,000), with 6 per cent. (6%) per annum, interest on eighty-five thousand dollars ($85,000) from November 8, 1906, and like interest on six thousand dollars ($6,000) from November 14, 1908; and it is further ordered, adjudged, and decreed."

It is further decreed that, as thus amended, said judgment be affirmed, plaintiff to pay the costs of the appeal.