<hr/>

(74 South. 889)

No. 20851.

ROOS v. ROGERS et al.

(March 12, 1917. Rehearing Denied April 16, 1917.)

*(Syllabus by the Court.)*

1. MORTGAGES ⬉⟿380 — FORECLOSURE—FORM OF PROCEEDING.

The holder of mortgage notes, executed by a nonresident, may sue to foreclose via ordinaria or via executiva, in the district court for the parish in which the mortgaged real estate is situated.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1144, 1145, 1154.]

2. MORTGAGES ⬉⟿499 — FORECLOSURE—LEVY OF EXECUTION.

Where, in such a case, the holder sued via ordinaria, and obtained judgment both in rem and in personam, and caused a writ of fieri facias to issue, under which only the mortgaged property was seized and sold, *held*, that the writ was properly issued on the judgment for the seizure and sale of the mortgaged premises to pay and satisfy the mortgage debt; and that, as no other property of the defendant was seized under the writ, neither he nor his assigns have any grounds of complaint.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1478–1485.]

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Action by Ed. Roos against B. F. Rogers and others. From judgment for defendants, plaintiff appeals. Affirmed.

Lane, Wolters & Storey, of Houston, Tex., and Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant. Alexander & Wilkinson, of Shreveport, for appellees.

LAND, J. In the case of Rogers v. Binyon, 124 La. 95, 49 South. 991, the plaintiff sued via ordinaria on three promissory notes executed by the defendant, and secured by special mortgage and vendor's privilege on certain lands sold by the plaintiff to the defendant.

By special stipulation in the act of sale and mortgage, the liability of the purchaser and maker of the notes was restricted to the property sold, and no proceedings were to be taken against the purchaser except to foreclose on the property.

The suit was brought against the defendant, as a nonresident, represented by a curator ad hoc.

The petition prayed only for a judgment of foreclosure, but the judgment rendered was both in rem and in personam.

Under a writ of fieri facias issued on said judgment, the lands subject to the mortgage

and vendor's privilege were seized and sold at sheriff's sale, and adjudicated to the plaintiff, Rogers.

Subsequently, the defendant, Binyon, prosecuted a devolutive appeal from said judgment.

On this appeal, the judgment was so amended as to make it one of foreclosure, to pay and satisfy the notes sued on, with interest, attorney fees, and costs.

Ed. Roos, the plaintiff in the present suit, purchased the same lands from Binyon, subject to the mortgage and vendor's privilege in favor of Rogers or other holder of the notes given for the purchase.

Rogers purchased the lands at the sheriff's sale on February 29, 1908, and conveyed the same to the Rogers Oil & Gas Company on August 30, 1909.

Roos filed the present suit against Rogers and the Rogers Oil & Gas Company on October 30, 1913, to recover said lands as owner by virtue of his title from Binyon.

Plaintiff's suit was dismissed, except as to ten acres of land, which the judge found was not included in the sheriff's sale.

Plaintiff has appealed, and the defendant has answered praying that the judgment be amended so as to reject plaintiff's demands in toto.

The plaintiff argues that said sheriff's sale was a nullity, because the judgment in personam on which it was based was subsequently reversed by the Supreme Court, and "there was no judgment in the case which would serve as a foundation for the issuance of a writ of fieri facias, which was made the basis of the sale to Rogers and Lewis, and that such a writ and sale should be declared a nullity."

Reduced to its essence, the plaintiff's contention is that a judgment in rem in a suit via ordinaria to foreclose a mortgage cannot be enforced by a writ of fieri facias, but must be executed by a writ of seizure and sale.

The writ of fieri facias issued in the suit of Rogers v. Binyon directed the sheriff to seize and sell "especially" certain described tracts of land to pay and satisfy the mortgage indebtedness recognized by the judgment.

No other property of the defendant was seized under the writ of fieri facias, which served the purpose of a writ of seizure and sale.

[1] In Rogers v. Binyon, supra, this court held that the district court had jurisdiction in rem, and that the plaintiff had the right to proceed either via executiva or via ordinaria, and in either case by substituted service; and the opinion concludes as follows:

"We are therefore of opinion that, to the extent that plaintiff is seeking to enforce his rights against the real property found within the jurisdiction of the district court, the suit was properly brought and the judgment properly rendered, but the relief granted must be confined, not only under the law, but, under the contract sued on, to the property."

As the relief was confined to the property, the contention of the plaintiff is narrowed to the technical objection that the writ should have been one of seizure and sale, and not one of fieri facias.

The objection is one of form, and not of substance, as the property was sold in conformity with the terms and stipulations of the act of mortgage.

As Binyon appealed, and was represented in the appellate court by counsel of his own selection, the judgment of the Supreme Court is binding on him.

As the act of mortgage contained the pact de non alienando, the plaintiff Rogers had the legal right to issue a fi. fa. on his judgment, and to seize and sell the mortgaged property regardless of its sale to Roos, and without notice to or process against him. Levy, Jr., v. Lake, 43 La. Ann. 1034, 10 South. 375.

Roos, a stranger to the proceedings, had

no standing to object to the sheriff's sale, as made under a writ of fieri facias, instead of a writ of seizure and sale.

[2] But we are of opinion that such objection has no force, as the judgment orders the payment of money, and a writ of fieri facias is the proper mode of enforcing such a judgment. C. P. 641.

On the other hand, executory process issues on an ex parte order of seizure and sale, based on an authentic act importing a confession of judgment, and containing a mortgage of privilege in favor of a creditor. C. P. 732.

In Rogers v. Binyon, supra, this court held that a mortgage creditor has the right to foreclose either by via ordinaria, or by via executiva.

This ruling is in accord with our jurisprudence on the subject-matter, which favors the former mode of proceeding, and even permits the creditor to convert his executory process into an ordinary suit. See Dumonchel v. Lemerick, 21 La. Ann. 31; Brooks v. Walker, 3 La. Ann. 150.

The plea of the plaintiff that the proceedings in Rogers v. Binyon, supra, deprived him of his property without due process of law, is without merit.

While the ten acres of land was included in the petition in the suit of Rogers v. Binyon for the foreclosure of the mortgage, it was expressly excepted from the judgment, the writ of fieri facias, the notice of seizure, and the sheriff's sale.

The small tract of land was not sold at the sheriff's sale, and hence the title of the mortgagor to the property was not divested by the sale.

Doubtless, the small tract was excepted through clerical error; but intention cannot supply the place of judgment, writ, notice, sale, and adjudication.

Judgment affirmed.

SOMMERVILLE, J., concurs.