(105 So. 90)

No. 27242.

OUACHITA NAT. BANK OF MONROE v. FULLER.

In re COURT OF APPEAL, SECOND CIRCUIT.

(June 22, 1925)

*(Syllabus by Editorial Staff.)*

Mortgages &440—Service of citation upon nonresident mortgagor not necessary for judgment in rem.

In foreclosure via ordinaria, where mortgage on nonresident's land in state was evidenced by authentic act importing confession of judgment, and judgment in rem only was sought, service of citation upon mortgagor personally *held* not necessary, in view of Code Prac. Arts. 163, 206, 737.

Action by the Ouachita National Bank of Monroe against John A. Fuller. From a refusal to confirm judgment by default, plaintiff appeals to the Court of Appeal, Second Circuit, which applied for instructions to the Supreme Court. Question answered.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellant.

A. L. Davenport, of Monroe, curator ad hoc, for appellee.

O'NIELL, C. J. The Court of Appeal propounds the question whether service of citation upon the defendant personally is necessary in a foreclosure proceeding via ordinaria, against a nonresident mortgagor, when the plaintiff, holding a mortgage on the nonresident's land in this state, evidenced by an au thentic act importing confession of judgment prays only for a judgment in rem, recogniz ing the mortgage, and executory only by seiz ure and sale of the property mortgaged.

The plaintiff had a curator ad hoc appointed to represent the absent defendant, and the citation and copy of the petition were served upon the curator personally. He did not answer the suit, When the delay allowed for answering had expired, the plaintiff's attorney moved for and obtained a judgment by default; and, when the delay allowed for setting aside the default had expired, he undertook to confirm the judgment by default. He produced evidence which the judge deemed sufficient; but the judge refused to give judgment in favor of the plaintiff, believing that it would be null without a previous seizure of the property or service of citation on the defendant personally. The plaintiff appealed to the Court of Appeal, and that court has submitted the question to us.

It is conceded that, if the plaintiff had proceeded via executiva, the proceeding by appointment of a curator ad hoc or attorney for the absentee would have been valid, under article 737 of the Code of Practice, which provides:

"If the debtor who has granted the privilege or mortgage is absent, and not represented in the state, the judge, at the request of the plain-

tiff, shall appoint him an attorney, to whom notice of the demand shall be given, * * * .and contrarily [meaning contradictorily] with whom the seizure and sale shall be prosecuted."

The district judge was of the opinion that, under the doctrine of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, a preliminary attachment or seizure of the property was necessary to give the court jurisdiction to render any judgment—even a judgment in rem—against the nonresident and absent mortgagor. The state statute that was declared invalid in Pennoyer v. Neff, as violative of the due process clause of the Fourteenth Amendment, undertook to allow a judgment in personam to be rendered against a nonresident and absent defendant having property in the state on a constructive service of summons by publication. The judgment which was pronounced null, having been obtained by constructive service of summons by publication, was a personal judgment for a debt not secured by mortgage or lien. Pennoyer v. Neff does not forbid a foreclosure of a mortgage, or the taking of a judgment in rem, executory only against the mortgaged property, by proceeding against a curator ad hoc or an attorney appointed to represent a nonresident and absent debtor who has given a mortgage importing confession of judgment, and therefore authorizing a foreclosure in his absence, by appointment of a curator ad hoc or attorney to represent the absentee.

The constitutionality of article 737 of the Code of Practice, authorizing foreclosure proceedings against an absent mortgagor by the appointment of an attorney to represent him, was challenged in Richardson v. McDonald, 139 La. 651, 71 So. 934. We replied that the law did not require personal notice of its provisions to be given to every individual whose rights were affected, or, by charging every one with knowledge of its provisions, take away any fundamental right. American Land Co. v. Zeiss, 219 U. S. 66, 31 S. Ct.

159 LA.—2

200, 55 L. Ed. 97, quoting Ballard v. Hunter, 204 U. S. 241, 27 S. Ct. 261, 51 L. Ed. 461, and Arndt v. Griggs, 134 U. S. 316, 10 S. Ct. 557, 33 L. Ed. 918. And we said that article 737 of the Code of Practice, authorizing the court to appoint an attorney to represent an absent mortgagor, to have the three days' notice to pay served upon him and the foreclosure proceedings in rem prosecuted against him, where the mortgagor had confessed judgment and thereby authorized such proceedings, was not violative of the Fourteenth Amendment. It is true article 737 is in the chapter of the Code which deals with executory process; but there is nothing in the article itself that makes it not applicable to a foreclosure via ordinaria, when the mortgagee asks only for a judgment in rem, executory only against the mortgaged property. A writ of fi. fa. emanating from such a judgment is, like an order of seizure and sale in executory proceedings, functus officio when the mortgaged property has been seized and sold.

Article 163 of the Code of Practice is also appropriate to this case, viz:

"In actions of revendication of real property, or when proceedings are instituted in order to obtain the seizure and the sale of real property, in virtue of an act of hypothecation importing confession of judgment, the defendant may be cited, whether in the first instance or in appeal, either within the jurisdiction where the property revendicated or hypothecated is situated, though he has his domicile or residence out of that jurisdiction, or in that where the defendant has his domicile, as the plaintiff chooses."

Article 206 of the Code of Practice declares that citation is essential in ordinary proceedings, but not in executory proceedings or proceedings in rem. A foreclosure of a mortgage via ordinaria is only an action in rem, if the only decree asked for is a recognition of the mortgage and a judgment executory against the property mortgaged and no other property.

The ruling in Levy v. Collins, 115 La. 204, 38 So. 966, that an absent defendant could not be brought into court in an ordinary suit for a personal judgment for debt, except by a seizure of the defendant's property in the suit in which the demand was made, and that a seizure in another suit would not do, is not applicable to a suit for a judgment in rem on a mortgage importing confession of judgment and authorizing the appointment of a curator ad hoc or attorney to represent the mortgagor in the event of his absence from the state.

Robers v. Binyon, 124 La. 95, 49 So. 991, was a suit via ordinaria against a nonresident mortgagor, represented by a curator ad hoc, on notes secured by an act of mortgage in which the mortgagor's liability was limited to the value of the property, and in which the right of the mortgagee was limited to a seizure and sale of the property. Nevertheless, the plaintiff obtained a personal judgment for the amount of the notes, with recognition of the mortgage. On appeal, the judgment was amended so as to make it a judgment in rem, executory against the mortgaged property only; and, to that extent, the judgment was affirmed. The court said:

"We are therefore of opinion that to the extent that plaintiff is seeking to enforce his rights against the real property found within the jurisdiction of the district court the suit was properly brought and the judgment properly rendered, but the relief granted must be confined, not only under the law, but, under the contract sued on, to the property."

In Roos v. Rogers, 141 La. 157, 74 So. 889, it was held:

"The holder of mortgage notes, executed by a nonresident, may sue to foreclose via ordinaria or via executiva, in the district court for the parish in which the mortgaged real estate is situated.

"Where, in such a case, the holder sued via ordinaria, and obtained judgment both in rem and in personam, and caused a writ of fieri facias to issue, under which only the mortgaged property was seized and sold, held, that the writ was properly issued on the judgment for the seizure and sale of the mortgaged premises to pay and satisfy the mortgage debts; and that, as no other property of the defendant was seized under the writ, neither he nor his assigns have any grounds of complaint."

Our answer to the question propounded by the Court of Appeal is that service of citation upon the defendant personally in this case was not necessary. The plaintiff is entitled to have the judgment taken by default confirmed.