167 So. 440

**PHŒNIX BUILDING & HOMESTEAD ASS'N v. PETERS, Jr.**

No. 33772.

March 30, 1936.

Feitel & Parker, of New Orleans, for appellant.

Delvaille H. Théard, of New Orleans, for appellee.

BRUNOT, Justice.

This is an appeal from a judgment, in favor of the plaintiff and against the defendant, decreeing specific performance of the defendant's agreement with the plaintiff to purchase certain real estate. The defense to the suit is that the title to the property, tendered by the plaintiff, is defective and suggestive of litigation.

The record discloses that the plaintiff was the holder and owner of a note executed by Anthony Vega, the owner of the property involved, and secured by a vendor's mortgage and lien upon said property. The plaintiff sued its said debtor via ordinaria, and obtained a default judgment against him. Pending the execution of the judgment, Anthony Vega died. The plaintiff caused execution of the judgment to issue and had a curator ad hoc appointed to represent the deceased. Thereafter, all proceedings were conducted contradictorily with the curator ad hoc. The property was seized, advertised, sold, and adjudicated to the plaintiff. The contention of the defendant is clearly stated in the syllabus of his brief, as follows:

"Where a creditor proceeds via ordinaria against a mortgage debtor, procuring a

judgment recognizing the mortgage and vendor's lien, and where the debtor later dies, the judgment can only be enforced by proceeding contradictorily with the heirs of the deceased, or by provoking an administration of the succession."

The jurisprudence of Louisiana, and of several of our sister states, is in accord with the contention of the defendant. In support thereof we cite McMicken v. Smith, 5 Mart.(N.S.) 427; De Gruy's Syndic v. Hennen, 2 La. 544; Houston v. Childers, 24 La.Ann. 472; Succession of Patrick, 25 La.Ann. 154; Hall & Lisle v. Belden, 29 La.Ann. 118; Cambon Bros. v. Suthon, 148 La. 669, 87 So. 512; Board of Missions, etc., v. C. D. Craighead Co., 130 La. 1076, 58 So. 888; Code of Practice, arts. 64, 65, 67, 120, 121 and 361; Dupasseur v. Rochereau, 21 Wall.(88 U.S.) 130, 22 L.Ed. 588.

The plaintiff relies upon Act No. 44 of 1932 and bases the correctness of its procedure solely upon that act. We quote the pertinent part of the act:

"Section 1. Be it enacted by the Legislature of Louisiana, That it shall not be necessary for any mortgage creditor or anyone having any other right in rem, to provoke an administration of the succession of the debtor upon the death of the debtor; but when the debtor's succession is not under administration, or has not been accepted by any of his heirs, such creditor shall have the right, at his option, to pro-

ceed in rem contradictorily either with the heir or heirs, or against an attorney-at-law, appointed by a Court of competent jurisdiction to represent the succession of the deceased debtor."

The defendant contends that the quoted section of Act No. 44 of 1932 applies only when legal proceedings are instituted by the creditor after the death of the debtor, and then only when the proceeding is in rem, or via executiva. This, in our opinion, is a correct interpretation of the act. The application of the act, in express terms, applies to proceedings in rem, instituted by a "mortgage creditor or anyone having any other right in rem." In this case the proceeding was via ordinaria. In the case of Dupasseur v. Rochereau, cited supra, the United States Supreme Court held that the hypothecary action was not a proceeding in rem. In this case the action is in personam, and the property was seized and sold under an ordinary writ of fieri facias. The recognition, in the judgment of plaintiff's mortgage and lien does not affect the situation. We are of the opinion that the plaintiff proceeded improperly, and, therefore, the judgment appealed from should be reversed.

For the reasons stated, it is decreed that the judgment appealed from be and it is hereby avoided and reversed, and this suit is dismissed at appellee's cost.

O'NIELL, C. J., absent.