**22 So.2d 829**

**GASPARD et al. v. COCO et al.**
**No. 36120.**

June 5, 1945.

Rehearing Denied June 29, 1945.

Chester Coco, of Marksville, for plaintiffs-appellants.

Couvillon & Couvillon, of Marksville, for defendants-appellees.

FOURNET, Justice.

This appeal was taken by the Misses Corrine and Irene Gaspard, children of the late Mrs. Rebecca Coco by her first marriage to Gerand Gaspard, from the dismissal of their suit on an exception of no cause of action, in which suit they had sought to have annulled and set aside a judgment rendered in foreclosure proceedings instituted by the Cottonport Bank against the succession of their deceased mother as well as the sale of her property in execution of this judgment to the defendants, Robert Emmanuel Coco, Mrs. Amy Coco Chatelain, and Ernest M. Coco (the children of the decedent by her sec-

ond marriage to L. Shelton Coco) and Lennis S. Coco, husband of a deceased half-sister. The bases of their suit are that (1) the Cottonport Bank, having proceeded via ordinaria, was not authorized to conduct proceedings contradictorily with the curator-ad-hoc appointed by the court under the provisions of Act 44 of 1932; (2) the entire proceedings were conducted with the view of selling the property without notice to the plaintiffs, in pursuance to a scheme entered into between the defendants and the seizing creditors to defraud the plaintiffs of their interest in their mother's estate; and (3) that L. Shelton Coco, who was the co-maker with their late mother on the note foreclosed against was not made a party to the proceedings although he was at that time alive.

It is elementary that for the purpose of disposing of an exception of no cause of action every well-pleaded fact contained in the petition of the plaintiff must be accepted as true.

From a reading of the original and supplemental petitions of the plaintiffs it cannot be readily ascertained whether the foreclosure proceedings were via ordinaria or in rem. However, we find from the statement on page 12 of counsel's brief that the plaintiffs' view of the matter is that "The bank tries to comply with the provisions of Act 44 of 1932 by alleging in the petition and having the judgment read to operate 'in rem' only." If this statement of counsel is correct, the proceedings were in rem and not in per-

sonam for, as stated in the case of Ouachita National Bank v. Fuller, 159 La. 31, 105 So. 90, a foreclosure via ordinaria is an action in rem when the only decree sought is recognition of the mortgage and execution against the mortgaged property (see, also, Rogers v. Binyon, 124 La. 95, 49 So. 991; Roos v. Rogers, 141 La. 157, 74 So. 889; and Lotz v. Iberville Bank & Trust Co., 176 La. 579, 146 So. 155), and the case of Phoenix Building & Homestead Ass'n v. Peters, 184 La. 783, 167 So. 440, relied on by the plaintiffs is neither apposite nor controlling here for the provisions of Act 44 of 1932 were invoked by the judgment creditor in that case in executing a judgment that had been obtained by him against the debtor prior to his death. Necessarily, regardless of the language used in disposing of that case, it can have no application in the instant case for the provisions of Act 44 of 1932 may be invoked only when the debtor's succession is not under administration or has not been accepted by any of the heirs. In that event it becomes unnecessary for the mortgage creditor or anyone having any other right in rem to provoke an administration of the succession upon the death of the debtor, the creditor's right, at his option, being "to proceed in rem contradictorily either with the heir or heirs, or against an attorney-at-law, appointed by a Court of competent jurisdiction to represent the succession of the deceased debtor." Section 1.

■ But we think the allegations of the original and supplemental petitions of the plaintiffs—briefly, that through a scheme evolved by the defendants to defraud the plaintiffs the Cottonport Bank secured from the Security Mortgage Company a certain mortgage note affecting the property belonging to the decedent's separate estate for the ostensible purpose of depriving them of their interest therein, the foreclosure thereon being without notice to them and under the procedure authorized in Act 44 of 1932, wherein service of the required notice of seizure and sale is made on a curator-ad-hoc appointed by the court, although to the knowledge of all parties their mother's estate had been accepted by the heirs; that instead of being conducted in front of the courthouse, as required by law, the sale of this property was made in the office of the sheriff; and that they had no knowledge of these proceedings nor of the sale of the property, the curator-ad-hoc never having notified or otherwise informed them thereof although to his knowledge and that of the defendants they (the plaintiffs) were then residing in the same parish of Avoyelles in Moreauville —are well-pleaded facts stating a cause of action and, if established by competent evidence, will have the effect of vitiating the proceedings and the resultant sale thereunder.

■ Since the foreclosure proceedings were against the separate property of the decedent, the plaintiffs cannot complain that their step-father, who was the co-maker on the note with their mother, was not made a party thereto and unless this allegation is to be considered as setting out

another step in the furtherance of the alleged fraudulent scheme above referred to to keep them from finding out that the property was being seized and sold, it states neither a cause nor a right of action.

Counsel for the defendants contend that the alleged defects in the proceedings leading up to the sale of this property are mere irregularities or informalities and are therefore cured by the prescription of two years under Article 3543 of the Revised Civil Code, as amended by Act 231 of 1932, which plea they are re-urging here although it was never passed on in the lower court.

While this article has a laudable object—being a statute of repose, "intended to quiet and give stability to land titles and to create confidence in judicial sales," Dixon v. Federal Land Bank of New Orleans, 196 La. 937, 200 So. 306, 311. See, also, Munholland v. Scott, 33 La.Ann. 1043 —it can have no application if the facts pleaded in this case are sustained by the evidence for the plaintiffs have alleged that the defendants acquired their mother's property through fraudulent means.

For the reasons assigned, the judgment of the lower court maintaining defendants' exception of no cause of action is annulled and set aside and the case is remanded to the lower court for further proceedings consistent with the views herein expressed. All costs in this court are to be borne by the defendants; all other costs are to await the final determination of this matter.