## CLAUDIUS DORD *v.* BONNAFFEE & CO.

Where the principal resides in a foreign country, and his agent, without any sufficient authority, makes a contract for him, which he afterwards ratifies, the contract will be governed by the law of the place of the agent's residence ; the ratification relating back to the date of the contract.

An assignment, by an insolvent debtor, for the equal distribution of his property among his creditors, in a country where such assignments are legal, will be valid against all creditors who reside in countries governed by similar laws. Such an assignment made in New York, is valid against a creditor residing in Mississippi.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *A. N. Ogden,* for plaintiff. *W. C. Hanmer,* for defendants. The judgment of the court was pronounced by

EUSTIS, C. J. This suit was commenced by attachment. The appeal is taken by the plaintiff, from a judgment of the Court of the Fourth District of New Orleans, dismissing his petition, on the ground that no property of the defendants was attached. The plaintiff attached certain assets in the hands of *Eugene Rousseau,* under process of garnishment. The garnishee claims to hold the assets, as assignee of the defendants, for the use of their creditors. The plaintiff traversed the answers of the garnishee, and alleged that the assignments under which he claims to hold are, on their face, fraudulent, null and void as to creditors ; and that no title to the property was thereby vested in the assignee, which can prevail against his attachment. The argument before us is on the validity and effect of the assignments.

*Edward Bonnaffée* and *Charles Bonnaffée* were merchants, residing in Havre, France, and there trading under the name of *Bonnaffée & Co.* The assignment purports to be made by them in favor of *Eugene Rousseau,* by their attorney in fact, *Charles Bonnaffée,* in the city of New York, on the 11th of December, 1847. It purports to transfer to the assignee, all the property of the firm of *Bonnaffée &*

Co., all the assets, &c., originating from or connected with a bankrupt banking concern in the State of Mississippi; and to be in furtherance of a certain other assignment, bearing the same date, made by the said *Bonnaffée & Co.* to *Victor Delannay* and *Charles Sagony*, of the city of New York. This assignment is also signed by *Charles Bonnaffée*, as attorney in fact of *Bonnaffée & Co.*, of *Edward* and *Charles Bonnaffée*. Both of these assignments were afterwards formally ratified by the principals in France.

The plaintiff is the holder of several bills of exchange, drawn by the agent in New York, in the name of the firm, on the house in Havre, protested for non-acceptance and non-payment. His residence is in the city of New York. In considering by virtue of what system of laws the rights of the respective parties, in relation to the assignment, are to be determined, the first question among those raised in argument, to be determined, is, as to the place in which the contracts were made in a legal sense. They were both signed in the city of New York, by *Charles Bonnaffée*, as agent. That in favor of *Delannay* and *Sagony*, so far as they are concerned, may be considered as having been executed in that city; as they both resided there and signed the assignment. That in favor of *Rousseau*, he at the time being a resident of Jackson, in the State of Mississippi, may be considered, so far as he is concerned, as executed in that State; as the last consent may be held to be given by his acceptance of the assignment. But whether to be considered as executed there or in New York, as the laws in relation to instruments of this class are not supposed to be different, it is not material to inquire. The difficulty appears to be, the place in which the contracts were made by *Edward Bonnaffée* and *Charles Bonnaffée*, the parties of the first part to the assignments.

It is not insisted, that the assignments, as made by the agent in New York, derive any validity from his signing them, as his authority to make them has not been shown. But the formal ratification of both instruments, by the parties in Havre, is urged as supplying this original want of authority on the part of the agent. It is held, that in cases of contracts, made between persons who are separated from each other in different countries, by written communication, the contracts are considered as made in the country, and subject to its laws, where the final assent has been given. This rule is laid down by Casaregis, in his 179th Discourse; and was recognized by the Supreme Court, in the case of *Whiston* v. *Stodder et al.*, 8 M. R. 95. In case of a contract made in a foreign country, by an agent without authority, which the principal at home afterwards ratifies, the contract is considered as made in that foreign country, because the ratification relates back *tempore et loco*, and is equivalent to an original authority. 2 Casaregis, p. 210, Discourse, 179, § 20. The property upon which the assignments were to operate, so far as this case is concerned, must be considered at the time as being in the State of Mississippi, or of New York; therefore, there can be no question as to the laws by which the effect of the assignments, in relation to the attaching creditor, are to be tested.

Neither of the assignments purport to have any other object, than an equal distribution of the property of the firm in the United States among their creditors, without discrimination, or to make any appropriation of it, except that which the law of France and of Louisiana would itself make. Their purpose was laudable in every point of view, and one which the laws of every State must approve and encourage. We think, from the authorities adduced, that the assignments are unquestionably valid under the laws of New York. We are bound to consider the decisions of the courts of the last resort of that State as evidence of what the

law is. The case of *Cunningham* v. *Freeborn*, 11 Wendell, 241, appears to afford a complete answer to the objections taken by the counsel of the plaintiff, to the validity of the assignments. The district judge, in his written opinion, has given his conclusions on the law of the case; in which we fully concur. The several grounds of objection to the assignments have been examined, in detail, in the written argument of the counsel for the assignee. As the questions raised *involve points in a jurisprudence which is not our own, we do not feel ourselves* called upon to do more than give the result of our investigations, which is in favor of the validity of the assignments under the law by which they are to be tested; and that they vest the property conveyed in the assignee, subject to the trusts, for the benefit of all the creditors. The interest thus created cannot be defeated by the attaching creditor, in the case presented to us.

The judgment of the district court is therefore affirmed, with costs.