ROSE & McCARTHY *v.* WHALEY & EDWARDS.

In an attachment suit, the garnishee has the right, even after the interrogatories have been taken *pro confesso*, to ask of the court, at any time before judgment, that the order taking the interrogatories for confessed may be set aside, and that he may be allowed to answer. And it is within the sound discretion of the court, and also its duty, to grant the request, if the ends of justice would be thereby attained.

Where the garnishees answer that they have no property, the court is without jurisdiction.

APPEAL from the Third District Court of New Orleans, *Duvignaud,* J.
Hyams, Labatt & Jonas, for plaintiffs and appellants. *A. Viavant,* curator
ad hoc. *Clarke & Bayne,* for garnishees.

COLE, J. Plaintiff brought suit by attachment against *Whaley & Edwards,*
as non-residents, and garnisheed *Wright, Allen & Co., Coleman, Button & Withers,*
*G. S. Hawkins,* and *Oakey & Hawkins.*

The two first failed to answer within ten days, and an *ex parte* order was entered, taking the interrogatories for confessed.

No judgment was entered against the garnishees for any sum of money.

After this order had been entered against *Wright, Allen & Co.,* and before any
service had been made, even upon the curator *ad hoc* of the defendants, they appeared and asked that plaintiff show cause why the order taking the interrogatories for confessed against them should not be set aside.

After hearing of the application, the court rescinded the order, and allowed the
garnishees to answer.

A similar order was made in behalf of *Coleman, Button & Withers,* and their
answers were also filed. The answers of both of these parties showed that they
had in hand at the time of the garnishment, or at the time of their answers, no
property of the defendants.

The case was subsequently called and fixed for trial, and tried on the 13th December, 1858, as between the plaintiff and the curator *ad hoc,* the garnishees not
being then before the court. The District Judge, being of opinion that he was
without jurisdiction, dismissed the plaintiffs' petition.

The only question in the case is, whether the court erred in permitting the garnishees to answer, after the interrogatories to them had been taken for confessed.

The court did not err.

The object of garnisheeing is to know whether a party has funds in his hands
belonging to another, against whom plaintiff either has or expects to get judgment ; so that, after he has obtained judgment, he may also obtain judgment
against the garnishee, for the amount of his judgment against his debtor, or for
as much as there may be funds in the hands of the garnishee, due or belonging to
the debtor.

Until the creditor has judgment against his debtor, he cannot have judgment
against the garnishee, for the latter is not indebted to the creditor, but to his
debtor.

The mere order of court taking the interrogatories for confessed, before a judgment has been obtained by the creditor, cannot, then, *absolutely* benefit him, and
is not an order which he can in all events enforce against the garnishee, for if the

creditor does not succeed in getting a judgment against his debtor, the order taking the interrogatories for confessed will not profit him.

As then the creditor cannot get judgment against the garnishee, until he has obtained it against his debtor, the object of the law in forcing him to answer within a certain time, will be effected if he answers any time before judgment be rendered against the debtor.

The garnishee has then the right to ask of the court, at any time before judgment, that the order taking his interrogatories for confessed may be set aside, and that he may be allowed to answer. And it is within the sound discretion of the court, and also its duty, to grant the request, if the ends of justice would be thereby attained.

It is objected, unless a party be entitled to show, by the silence of the garnishees, that they tacitly admit having property of the defendant in their hands, the plaintiff cannot proceed to put the cause at issue, because the defendant is only in court by the attachment of his property.

In answer to this we would remark, that when a party is proceeding against an absentee, the silence of the garnishees to answer within the specified time, and the order taking the interrogatories for confessed, are sufficient to raise the presumption that they have funds in their hands, and thus to maintain the jurisdiction of the court, until they have answered, denying the possession of any funds; and even after this, if their answers can be proved to be untrue.

As the garnishees in this case answered that they had no funds or property, and as their answers were not contradicted, the District court was without jurisdiction. *Prosens* v. *Mason*, 12 L., p. 16; *Elder* v. *Rogers*, 11 An. 606, 10 M. 630; *Caldwell* v. *Townsend*, 5 M., N. S., p. 308.

Judgment affirmed, with costs of appeal.