(81 South. 875)

No. 21892.

HIBERNIA BANK & TRUST CO. v. DRESSER (J. M. DRESSER CO., Limited, Garnishee).

(May 5, 1919.)

*(Syllabus by Editorial Staff.)*

1. GARNISHMENT ⊂⇒154 — PLEADING—INTERROGATORIES.

Where plaintiff applied for rule on garnishee to show cause why interrogatories should not be taken as confessed, because not answered, an exception requesting the rule to be made more explicit should be sustained.

2. CORPORATIONS ⊂⇒426(1)—PLEADING—RATIFICATION.

Where the president of a commercial corporation answered garnishment interrogatories promptly and in good faith, but plaintiff questioned the president's authority to make such answers after first recognizing it, the garnishee's request to submit a ratification of the president's action by the corporation's directors should be granted.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by the Hibernia Bank & Trust Company against John M. Dresser, with the J. M. Dresser, Company Limited, as garnishee. On rule to show cause why interrogatories should not be taken for confessed. Rule dismissed, and plaintiff appeals. Affirmed.

McCloskey & Benedict, of New Orleans, for appellant.

Foster, Milling, Saal & Milling and Hall, Monroe & Lemann, all of New Orleans, for garnishee and appellee.

PROVOSTY, J. [1] The plaintiff bank, having obtained judgment against the defendant, J. M. Dresser, garnisheed the J. M. Dresser Company, Limited. The president of this company answered the interrogatories virtute officii and also under authority of the hereinafter referred to resolution of the board of directors. The plaintiff bank traversed the answers, and asked that the interrogatories be taken for confessed, and that the garnishee be condemned to pay the debt. Thereafter the plaintiff bank voluntarily dismissed the garnishment proceeding. Two years later it renewed it and again the same president, acting by the same authority, answered the interrogatories. This time the bank has taken a rule on the garnishee to show cause why the interrogatories should not be taken for confessed for the reason that they have not been

answered. As no explanation whatever was given in the application for the rule of why the interrogatories were considered not to have been answered, and as the counsel of garnishee were at a loss to conjecture what the reason could be, an exception was filed asking that the rule be required to be made more explicit. This exception was overruled; but it should have been sustained, for the object of pleading is to let the adversary know what he is expected to answer to. Be that, however, as it may, the counsel of garnishee having found out in some way what the matter was, and that the objection to the answers was that no resolution of the board of directors of the garnishee had been passed to authorize the president to answer the interrogatories, they caused a resolution to be passed giving such authority and ratifying the answers already made, and annexed a copy of this resolution to the answer to the rule, as well as a copy of another resolution of the board of directors, adopted in 1912, reading:

"Moved that M. A. Dresser, president of the company, be fully authorized to deed or contract to sell the property of said company on such terms as she may see fit, being authorized, not only to execute deeds and contracts, but to accept deed, sign mortgages, and do any and all acts legal for her to do on behalf of said company."

In this answer to the rule, the garnishee pleaded that the president of an ordinary commercial corporation, such as garnishee is, has authority by virtue of his office to answer interrogatories in garnishment; but that, if this is not so, its president possessed said authority under the hereinabove transcribed resolution, and that, at all events, the ratification supplied whatever had been wanting. And the garnishee pleaded, further, that the plaintiff bank is estopped from questioning the authority of said president to answer interrogatories in garnishment because in the former garnishment the plaintiff bank traversed the answers made by the said president and sought to take judgment upon them against the garnishee.

The learned trial judge sustained this plea of estoppel, and dismissed the rule.

The learned counsel for the plaintiff bank make a distinction between garnishment after judgment against the defendant in the main suit and garnishment before judgment, holding that in the latter case an amendment or supplement to the answers to the interrogatories may be allowed in the court's discretion, but not in the former, citing Cusachs v. Dugue, 113 La. 273, 36 South. 960, Rose v. Whaley, 14 La. Ann. 374; Tapp v. Green, 22 La. Ann. 42, and Elder v. Roger, 11 La Ann. 606.

[2] However strict may be the rule which has been recognized in those cases, we do not think it can govern the present case. There has been in this case no attempt whatever at evasion of the questions, and no lack of diligence. The questions were answered promptly, fully, and categorically. The point made against these answers is one which counsel had no reason to suspect would be made, in view of the course followed by the plaintiff bank in the last garnishment. It is one purely of law, and upon which, so far as we are advised, this court has never passed, and a doubtful one at that. Whether, in the first place, the president of an ordinary commercial corporation possesses authority by virtue of his office to answer interrogatories in garnishment. Whether, in the second place, the above transcribed resolution does not confer such authority. Whether, in the third place, section 16 of Act No. 267 of 1914, does not confer such authority. It reads:

"That the president, vice president or manager of any corporation organized under the laws of Louisiana, or of a foreign corporation, doing business in this state, shall have the power in the name and in behalf of the corporation to authorize the institution of any suit and other legal proceedings, and no exception of want of authority shall lie on the part of any defendant. They shall have authority to direct

the issuance of conservatory writs; the bonding of property in custodia legis without other general or special power from the board of directors of such corporation. Such person, or persons, are also authorized by and on behalf of said corporation to execute in its name any bond, or bonds, in connection with any legal proceedings where it is a party plaintiff, defendant, intervener, third opponent or otherwise interested, and to make any affidavit required by law or the rules of the court."

The request to be allowed to submit this ratification, was based upon a showing of absence of fault, of absolute good faith and due diligence, and of grounds of equity furnished by the past conduct of the plaintiff bank. It would be monstrous if, under those circumstances, our procedure would not allow of this permission being granted.

Judgment affirmed.

MONROE, C. J., recused.