BRUNOT, Justice.
 

 This is a suit for a deficiency judgment. In the court below there was judgment for the plaintiff, as prayed for in its petition, and the defendant appealed. The defendant, through its authorized agents, borrowed from the plaintiff $350,000, and secured the payment thereof by executing a mortgage upon certain properties, in the First district of the city of New Orleans; said properties being particularly described in the resolution of the board of directors of B. C. Carbajal, Inc., which resolution, with the description of the properties omitted, is as follows:
 

 “Resolved that the President, Mrs. B. J. Carbajal, or the Vice-President, Mr. Nicholas G. Carbajal, and the Secretary-Treasurer, Mrs. H. S. Carbajal, of this Corporation, be, and are hereby, authorized and directed to ef
 
 *358
 
 feet a mortgage of Three Hundred and Fifty Thousand ($350,000.00) Dollars, on the following described properties, to wit. * * *
 

 “Resolved, further, that the President or Vice-President and the Secretary-Treasurer be and she or he are hereby authorized and empowered to execute all acts, deeds, and documents necessary or proper in her or his opinion to effect the purposes and objects of the foregoing Resolution.”
 

 The mortgage provides for the payment of the principal sum five years after date, with 6 per cent, per annum interest thereon, payable annually, and for 10 per cent, attorney’s fees, exactly as is stipulated in the note executed by the defendant’s agents, which is identified with the act of mortgage, and which is described therein in the following words and figures, to wit:
 

 “Its certain promissory note for the sum of Three Hundred and Fifty Thousand Dollars ($350,000.00), dated this day, and payable to the order of The Administrators of the Tulane Educational Fund Five (5) years after date at the Canal Bank and Trust Company of New Orleans, and stipulating to bear interest at the rate of Six (6%) Per Cent, from date until paid — interest payable annually — and which said note, after having been paraphed “Ne Varietur” by the undersigned Notary Public for identification herewith, was delivered to said L. Andre Morgan Secretary-Treasurer of The Administrators of the Tulane Educational Fund, as he does hereby acknowledge.”
 

 The defendant received the full amount of the note and enjoyed all of the benefits flowing therefrom. It is alleged in the petition that the defendant paid the accrued interest on the note annually for three consecutive years after its date, but failed to meet this obligation at the expiration of the fourth year. The defendant being in default, after some fruitless correspondence between the parties, foreclosure proceedings followed.
 

 Counsel for the defendant contend that the record does not disclose that any part of the interest on the note was ever paid. It is true that the interest payments were, not established by direct proof, and there is no notation to that effect on the reverse of the note, but aside from all that the record does show,, including the defendant’s admissions in the agreement to which we will hereinafter refer, it cannot, with reason, be assumed that the plaintiff permitted the defendant to default in its interest payments for three consecutive years, and let it reap a profit thereby to the extent of $63,000, together with accrued interest on each of said payments from its due date.
 

 In the foreclosure proceedings, the mortgaged property was seized, advertised, sold’, and adjudicated fo, the plaintiff for $285,000. The net balance resulting from the sale, together with certain rentals of the property paid to the civil sheriff while the property was under seizure, and a payment of $2,500 made by defendant prior to the seizure, were properly .credited on the total sum' then due the plaintiff, and this suit was instituted to recover the difference between the total sum due less said credits.
 

 All of the debits and credits are accurately stated in paragraphs 7, 8, and 9 of the plaintiff’s petition.
 

 
 *360
 
 Following the filing of this suit, the defendant pleaded several exceptions. These exceptions were overruled, and, inasmuch as defendant does not urge them in this court, we assume they have been abandoned.
 

 The defendant relies upon two defenses. Both are pleaded in paragraph 10 of its answer to the petition. One is the alleged incapacity of its agents to bind it beyond the express and special power conferred by the resolution of its board of directors, and the other is a denial of any indebtedness to the plaintiff.
 

 The first defense is based upon the fact that the resolution of defendant’s board of directors authorized its agents to negotiate the loan and to execute the mortgage to secure its payment, but it did not authorize them to execute the note which is identified with the mortgage. We repeat here that the defendant received the exact sum stipulated in the act of mortgage, and that it reaped the full benefit therefrom. Moreover, we consider it a matter of much importance that defendant, in a written instrument, the execution of which was authorized by a formal resolution of its board of directors, declares that:
 

 “The said principal indebtedness is represented by a note made and executed by
 
 Carbajal,
 
 Inc.” etc.
 

 In the case of Gueydan v. T. P. Ranch Co., 156 La. 397, 100 So. 541, 543, this court said:
 

 “It is a familiar principle in law that it is not always necessary to show the authority of an officer of a corporation by a resolution of its board of directors. A corporation may not, any more than an individual, reap the benefits flowing from the acts of its officers and repudiate the obligations arising from the same acts. Berlin v. Cusachs, Ltd., 114 La. 744, 38 So. 539; Gair v. Columbia Rice Co., 124 La. 194, 50 So. 8; Boudreaux v. Feibleman, 105 La. 404, 29 So. 881.”
 

 The conclusion announced in the Gueydan Case is in accord with a long line of authorities which establish its correctness too well to admit of serious debate.
 

 It is an established rule that where the act of an agent of a corporation is ratified' by its board of directors, it becomes the act of the corporation. Poche v. New Orleans Home Inv. Co., Ltd., 52 La. Ann. 1287, 27 So. 797.
 

 In this case, with all the facts before it, the defendant’s agents, in pursuance of a resolution of defendant’s board of directors, in which every detail of the agreement is minutely set forth, executed the following agreement:
 

 “This agreement this day entered into by and between the Administrators of the Tulane Educational Fund, a corporation organized under the laws of the State of Louisiana, herein appearing through Esmond Phelps, its President, hereunto duly authorized by resolution of its Board of Directors, dated January 25th, 1933, a certified copy whereof is hereunto attached (hereinafter for convenience styled ‘Tulane’), party of the first part, B. G. Carbajal, Inc., a corporation organized under the laws of the State of Louisiana, herein appearing through Nicholas G. Carbajal, its Vice-President, hereunto duly authorized by resolution of its Board, dated Janu
 
 *362
 
 ary 25th, 1933, a certified copy whereof is hereunto attached (hereinafter for convenience styled ‘Carbajal, Inc.’), party of the second part, and Cynara Realty Corporation, a corporation organized under the laws of the State of Delaware, herein appearing through Raymond H. Campbell, its President, hereunto duly authorized by resolution of its Board, dated January 25th, 1933, a certified copy whereof is hereunto attached (hereinafter for convenience styled ‘Cynara’), party of the third part,
 

 - “Witnesseth:
 

 “I. Carbajal, Inc., is indebted unto Tulane in the principal sum of Three Hundred Fifty Thousand ($350,000.00) Dollars, with interest thereon at the rate of 6% per annum from September 20, 1930, subject to a credit of Two Thousand Five Hundred ($2,500.00) Dollars paid July 1, 1932, and also subject to a credit in the sum of Two Hundred Eighty Five Thousand ($285,000.00) Dollars, being the amount of the bid made by Tulane at the foreclosure sale had on September 15,1932, and is also indebted unto Tulane for the costs, charges, taxes, etc., hereinafter referred to. The said principal indebtedness is represented by a note made and executed by Carbajal, Inc., dated September 20,1927, payable to the order of maker and by maker endorsed, which said note is secured by an act of mortgage passed before Frank Wm. Magne, Notary Public, dated September 20, 1927, and recorded in Orleans Parish, Louisiana, in Mortgage Book 1375, folio 25. Upon said note and mortgage, Tulane has heretofore instituted the executory process proceedings entitled ‘The Administrators of the Tulane Educational Fund v. B. G. Carbajal, Inc., No. 198,230, Division “D,” ’ docket
 
 4
 
 of the Civil District Court. In said proceedings, the property described in said mortgage and in the petition for executory process was seized by the Sheriff of Orleans Parish, Louisiana, and sold at public auction, after due advertisement and was adjudicated to Tulane, and under date December 28, 1932, the said Sheriff of Orleans Parish, Louisiana, executed to Tulane a deed of sale, which deed fully describes the property and is recorded in Orleans Parish, Louisiana, in Book 472, Folio 236.
 

 “II. In the said foreclosure or executory process proceedings, Carbajal, Inc., filed certain pleadings questioning and attacking the validity of said proceedings and of the proposed sale. After hearing, the Judge of the Civil District Court held the sale to be valid and directed the Sheriff to execute the deed above referred to, as appears from the judgment in said proceedings dated the-day of December, 1932. Carbajal, Inc. applied for a suspensive appeal. The Court granted the appeal, but fixed the appeal bond at an amount which Carbajal, Inc., considers excessive. Carbajal, Inc., has voiced the. intention of applying to the Supreme Court of Louisiana for supervisory writs.
 

 “III. Under date November 30, 1932 by act before George C. Schoenberger, Jr., Notary Public, Carbajal, Inc., executed a conveyance to Cynara of the property covered by the mortgage to Tulane and by the Tulane foreclosure, which deed to Cynara was recorded in Orleans Parish on the same date, November 30, 1932, in Conveyance Book 471, folio 170.
 

 
 *364
 
 “IV. Under date November 30,1932, Oynara filed in the United States District Court for the Eastern District of Louisiana, the proceedings entitled ‘Oynara Realty Corporation v. The Administrators of the Tulane Educational Fund,’ No. 162 at Law of the docket of said Court, claiming ownership of the property described therein. Tulane filed an exception to the jurisdiction of the said United States District Court.
 

 “V. It is now desired to terminate the several suits and proceedings above referred to and to vest the title to the property in Tulane in full ownership, subject only to the option hereinafter referred to. Accordingly, to said parties, each in consideration, of the premises and agreements herein made by the others, agree and bind themselves as follows:
 

 “(a) Carbajal, Inc., acquiesces in the judgment of the Civil District Court dated -- and rendered in the proceedings No. 198,230, decreeing the validity of the Sheriff’s sale in said proceedings, etc., and abandons and waives all appeals and application for supervisory process, and agrees and binds itself at once to file in said proceedings formal pleadings to that effect. Carbajal, Inc., concurrently herewith is executing in favor of, Tulane a quit claim to the property in question.
 

 “(b) Oynara hereby recognizes, waives and abandons in favor of Tulane any and all right, title, interest, claim or demand in or to the property described in the Tulane Mortgage and in the deed to it from Carbajal, Inc. dated November 30,1932, and concurrently herewith is executing in favor of Tulane a quit claim deed to said property. It moreover agrees and binds itself to file promptly in the proceedings No. 162 at Law of the docket of the United States District Court for the Eastern District of Louisiana above referred to, an appropriate pleading setting forth that it has no right, interest, claim or demand in or to the said property, but that same is the property of Tulane and asking for a dismissal of said suit at the cost of plaintiff.
 

 “(c) In consideration of the foregoing, Tulane hereby grants to Carbajal, Inc., for a period of ninety (90) days from date an irrevocable option to purchase the property covered by the aforesaid Sheriff’s deed to it, on the following terms and conditions, to-wit:
 

 “For a price (payable in cash at the time of the passing of the act of sale, which act of sale must be passed within said ninety (90) day period), equal to the total amount which' the said property has at that date cost Tulane, said cost consisting of:
 

 “(1) The principal amount of the aforesaid mortgage note.
 

 “(2) The interest accrued upon said principal at six (6%) per cent per annum to date of payment.
 

 “(3) Interest upon the defaulted installments of interest at six (6%) per cent per annum to date of payment.
 

 “(4) All amounts actually expended or incurred by Tulane for taxes, paying court costs, advertising, Sheriff’s commission and any other incidental cost actually paid out or liability incurred (not including any attorneys’ fees), together with interest on said expenditures at six (6%) per cent per annum to date of payment, less credit for net rents upon the property actually collected by Tulane
 
 *366
 
 either through Sheriff’s office or directly to date of payment, and less credit for payment of Two Thousand Five Hundred ($2,500.00) Dollars, hereinabove mentioned.
 

 “(5) The purchaser to assume additionally any 1933 taxes which may be assessed against the property and to assume any unpaid paving, the title to be delivered by Tulane free of any encumbrance by it, but without warranty by Tulane.
 

 “(d) It is understood and agreed that the vesting of the complete title to the property in full ownership in Tulane shall take effect immediately upon the execution of this instrument and that nothing herein or done hereunder shall in any wise divest or lessen that title, save that Carbajal, Inc., shall have the option upon the property above set forth for the period mentioned, and if said option shall not have been fully exercised, the deed of sale executed and the price paid within the ninety (90) days stipulated from the date hereof, then any and all rights of said Carbajal, Inc. in and under said option and in and under this document in the said property shall lapse and be completely and finally divested.
 

 “(e) It is further understood that should said option be exercised by Carbajal, Inc. and said purchase price paid, same shall be received by Tulane in full settlement of any deficiency claim which it may have against Carbajal, Inc., its successors or assigns. Except as stated in this paragraph (e), any and all rights of Tulane to a deficiency claim against Carbajal, Inc. are expressly reserved.
 

 “In testimony whereof the parties hereto have executed this instrument in triplicate at New Orleans, La., this 27th day of January, 1933.”
 

 The defendant objected to the introduction of the agreement as being immaterial and irrelevant. The objection was overruled. For the reasons fully stated on pages 9 and 10 of plaintiff’s brief, the ruling is correct.
 

 The foregoing agreement is a complete ratification of every act of defendant’s agents with respect to the issues raised in this suit. As to all interest and other enumerated charges, they were to be paid by the defendant. As to the attorney’s fees, they were to be remitted in the event the defendant exercised its option timely.
 

 We think: the conclusions we have announced dispose of the case. For the reasons stated, the judgment appealed from is affirmed at appellant’s cost.