**41 So.2d 521**

**MORGAN v. CEDAR GROVE ICE CO., Inc.**

**No. 37774.**

May 31, 1949.

Rehearing Denied June 30, 1949.

---

D. C. Scarborough, Jr. and W. B. Massey, Shreveport, for plaintiff and appellee.

Dickson & Denny, Shreveport, for defendant and appellant.

HAWTHORNE, Justice.

Defendant, Cedar Grove Ice Company, Inc., has appealed to this court from a judgment in favor of plaintiff, Mrs. Maude W. Morgan, in the sum of $2736.00, which the lower court found to be due as liquidated damages for breach of a contract to deliver ice, this amount representing 1368 tons of ice at $2.00 per ton.

On February 10, 1943, defendant, Cedar Grove Ice Company, Inc., represented by David F. Spencer, its president and general manager, entered into a contract with plaintiff, Mrs. Maude W. Morgan, in which the ice company agreed to sell, and Mrs. Morgan agreed to buy, 15 tons each day of Grade A, merchantable ice, suitable for consumers' use, during the period from May 20, 1943, to September 20 of the same year at the price of $3.25 per ton. This contract provided that the purchaser was to pay each week for all ice delivered the previous week, and contained the following provision:

"It is further agreed that in the event the said Cedar Grove Ice Co. Inc. fails to deliver to the said Maude W. Morgan the fifteen tons of ice per day, that the said company shall pay to the said Maude W. Morgan, as liquidated damages the sum of Two (2.00) dollars per ton for each ton they fail to deliver, and it is also agreed that the said Maude W. Morgan, shall pay to the said Cedar Grove Ice Co. Inc. the sum of Two ($2.00) Dollars per ton for each ton less than the agreed amount of Fifteen Tons per day taken by her."

The contract further recited that there was deposited with the ice company by Mrs. Morgan the sum of $1000.00 as a guarantee of prompt payment for all ice delivered under the contract. The contract was signed by David F. Spencer as president and general manager of the Cedar Grove Ice Company, Inc., and recited that he was authorized by a resolution of the board of directors of the ice company.

Mrs. Morgan deposited $1000.00 with the defendant, and the ice company proceeded to deliver the required 15 tons of ice per day pursuant to the contract through June 5, 1943, and accepted payment therefor at the rate of $3.25 per ton. Thereafter until June 23, 1943, defendant failed to make delivery of the full quota of 15 tons per day, and after June 23 no further deliveries of ice were made for the remaining term of the contract. For the period during which partial deliveries of the 15 tons per day were made, the purchaser deducted from the bill covering the amount actually delivered a sum equal to $2.00 per ton for each ton less than the 15 tons per day, all as provided in the contract, and paid to the seller the difference, which was accepted without any protest or objection.

Defendant was engaged in the manufacturing and sale of ice, and during the summer of 1943 there developed in the area in which its plant was located an acute ice shortage. Upon plaintiff's insisting on delivery of ice according to the terms of the contract, defendant through its president, Mr. Spencer, according to testimony which is not denied by defendant, informed plaintiff that it was unable to make any further deliveries of ice pursuant to the terms of the contract for the reason that in the contract the price stipulated was $3.25 per ton, whereas due to the ice shortage the company had a market for ice at $8.00 per ton, and that it would be foolish to sell the ice for $3.25 per ton when it could get $8.00 per ton for it. Plaintiff then wired the defendant on July 5, requesting it to fulfill the contract with reference to the delivery of ice, and agreed to waive or refund all penalties incurred at that time under the contract if deliveries were resumed and the shortages made up. In reply thereto, on July 6, defendant informed the plaintiff by letter that it was not obligated under the contract, but gave no reason why, and returned the $1000.00 previously deposited by plaintiff.

Defendant-appellant takes the position in this court that the contract upon which this suit is based is invalid for the reason that David F. Spencer, who signed in behalf of the defendant, Cedar Grove Ice Company, Inc., as its president and general manager, had no authority to represent the corporation and was not duly authorized by resolution of its board of directors. Although it concedes in brief that Spencer had the full authority in the ordinary course of business to bind the company with reference to the sale of ice, it contends that he had no authority to incorporate in such a contract a penal clause for non-delivery of ice.

Defendant was engaged in the business of manufacturing and selling ice. The contract in the instant case was in the scope of defendant's business and was of an ordinary nature and in the usual course of the business of the corporation. The contract was one which was within the apparent or implied authority of Spencer, as president and general manager of the corporation.

Moreover, the corporation accepted all payments made for the delivery of ice thereunder without any objection or protest as to the want of authority of Mr. Spencer to make and execute the contract on behalf of the corporation.

Fletcher, Cyclopedia Corporations (Perm Ed.), sec. 466, pp. 316, 317, gives the rule applicable to the instant case as follows:

"* * * a corporation is bound by contracts entered into by its officers and agents acting on behalf of the corporation and for its benefit, provided they act within the scope of their express or implied powers, and it makes no difference that the contracts are improvident, for the principal is bound as if the errors of judgment of the agent had been made by it, unless the agent was guilty of fraud in making the contract. An agent to whom a corporation intrusts the management of its local affairs may bind his company by a contract necessary and proper to be made in the ordinary prosecution of its business. *And a defense interposed by a corporation that its agent had no authority to execute a contract on its behalf is looked upon with disfavor, especially where the contract has been executed in whole or in part. 'It is the policy of the law and the endeavor of the courts to hold corporations as well as natural persons to their contracts.'*" (Italics ours.) See also 2 Thompson On Corporations (3d Ed.), sec. 1518, p. 1110.

The fact that the contract in the instant case contains the provision for liquidated damages in no way affects the authority of Mr. Spencer to bind the corporation, as this provision is merely incidental to the contract itself, which was for the sale and delivery of ice in the usual and ordinary course of the business of the corporation. Even in the absence of any such provision, the corporation would be liable in damages for the breach of the contract, and the fact that the contract contained a provision for liquidated damages in no way affects its validity.

Defendant also contends that the plaintiff breached the contract, but a reading of the record discloses that there is no merit in this contention. The conclusion is inescapable that defendant itself breached the contract for the reason that the market price of ice had advanced due to the acute ice shortage. It is interesting to note that Mr. Spencer, its president and general manager, admitted that the corporation had other customers whom it supplied with ice, and that during the ice shortage it delivered ice to them in preference to the plaintiff for a greater price than that called for in the contract.

For the reasons assigned, the judgment appealed from is affirmed, defendant-appellant to pay all costs.

O'NIELL, C. J., does not take part.