63 So.2d 141

### ACADIAN PRODUCTION CORP. OF LOUISIANA v. SAVANNA CORP. et al.

No. 40642.

Jan. 12, 1953.

E. B. Charbonnet, Jr. and John T. Charbonnet, New Orleans, for plaintiff-appellant.

Robert A. Ainsworth, Jr., New Orleans, for amici curiae.

Helm & Simon, New Iberia, for defendants-appellees Gholson and First Nat. Bank of Jackson.

Samuel J. Tennant, Jr., New Orleans, Felix W. Gaudin, New Orleans and Minos H. Armentor, New Iberia, for other defendants-appellees.

FOURNET, Chief Justice.

The plaintiff, Acadian Production Corporation of Louisiana is appealing from a judgment dismissing, on exceptions of no cause and no right of action and of want of capacity and authority to sue, its suit, instituted on December 10, 1949, to have annulled the sale of a 15.6463685% interest in a mineral lease by the sheriff of St. Martin Parish to John D. Gholson on December 13, 1947, under a writ of fieri facias issued by the Civil District Court for the Parish of Orleans on September 23, 1947, and to have itself declared to be the owner thereof. The well-pleaded allegations on which the suit is based are, substantially and concisely, that (1) the writ was issued and the interest seized and sold without compliance with the requisite formalities of law in that (a) the corporation was not given notice of the seizure and sale, (b) was not given notice to appraise the property, and (c) due to a conspiracy (combination) the bidding at the sale was stifled, with the result that very valuable property was sold for a trifling amount; alternatively, (2) the writ was issued in satisfaction of a judgment that had been previously settled, compromised, and satisfied; and (3) the entire transaction was a simulation, being in furtherance of a conspiracy to defraud the corporation of its property and the stockholders and creditors of their rights, the facts and circumstances surrounding the perpetration of this fraudulent scheme and conspiracy being alleged in detail. Joined in the suit were Savanna Corporation and C. Ellis Henican, the present record owners of the interest (it is apt to note that plaintiff concedes in brief Henican, who did not ap-

pear in answer to the suit, acquired his interest in the property subsequent to the sheriff's sale and without notice of any informalities and infirmities); the First National Bank of Jackson, Mississippi, holder of a mortgage affecting the mineral interest, given in security of money advanced; John D. Gholson, to whom the property was adjudicated at the sheriff's sale; and Samuel J. Tennant, Jr., and Charles S. McKendrick, who, with Gholson, are the alleged perpetrators of the fraudulent scheme to acquire the mineral interest and the actual secret owners thereof.

 It is our opinion that the trial judge erred in maintaining the exceptions of no cause and no right of action in view of the foregoing allegations, which, being well-pleaded, must be accepted as true for the purpose of disposing of these exceptions. It is necessary that judicial sales be conducted in the manner minutely described in our LSA–Civil Code and our Code of Practice and an action to set them aside for informalities may be instituted within two years following such sale, Article 3543 of the LSA–Civil Code, as amended; Article 725.3 of Dart's Code of Practice, and even after that time for errors that are more grave and strike the sale with nullity. Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800; Buillard v. Davis, 185 La. 255, 169 So. 78; Phoenix Building & Homestead Association v. Meraux, 189 La. 819, 180 So. 648; Skannal v. Hespeth, 196 La.

87, 198 So. 661; In re Union Central Life Insurance Co., 208 La. 253, 23 So.2d 63; Gaspard v. Coco, 208 La. 73, 22 So.2d 829; Dileo v. Dileo, 217 La. 103, 46 So.2d 53; Dickey v. Pollock, La.App., 183 So. 48; and Lacaze v. Hardee, La.App., 7 So.2d 719. See, also, the comment at 13 Tulane Law Review 615. Among the requirements for the legal seizure and sale of property in satisfaction of a judgment are to be found those dealing with due notice to the owner of the proposed seizure and sale, Article 654 of the Code of Practice, those requiring notice to appoint an appraiser, Articles 671, 671.1 of Dart's Code of Practice; Crowley Bank & Trust Co. v. Hurd, 138 La. 978, 71 So. 128; Mulling v. Jones, 153 La. 1091, 97 So. 202, and those prohibiting any combination or conspiracy to stifle competition and chill the bidding at a judicial sale. Paragraph 12 of Article 1847 of the LSA–Civil Code. See, also, First National Bank of Abbeville v. Hebert, 162 La. 703, 111 So. 66; Konen v. Konen, 165 La. 288, 115 So. 490; Swain v. Kirkpatrick Lbr. Co., 143 La. 30, 78 So. 140, 20 A.L.R. 665; and Pease v. Gatti, 202 La. 698, 12 So.2d 684. In so far as the alternative complaints are concerned, it is elementary, of course, that a judgment that has been paid and satisfied cannot form the basis of the issuance of a writ of fieri facias, and that fraud vitiates all actions and transactions.

 The exception of want of authority and capacity to file and prosecute

this suit are based upon the premise that F. F. Whittaker was not the president of the corporation at the time he signed the petition in this case as such.

There is no merit to this contention. Plaintiff sought to establish in the lower court that Whittaker had never resigned as president of the corporation, but during the argument of a companion case (Acadian Production Corporation of Louisiana v. Samuel J. Tennant, Jr., No. 40,690) on the same day, its counsel conceded, as was contended by the defendants, that Maurice Bergerie has been the president of the corporation since 1946. Nevertheless, it is revealed by the record that Maurice Bergerie, the actual president, two days after the case was filed, in a letter addressed to the attorneys representing the plaintiff, authorized the filing of the suit and fully ratified and confirmed everything done by Whittaker in connection therewith. In addition, at a meeting held on December 16, 1949, attended by Whittaker, Maurice and Paul Bergerie, and Mrs. Evelyn Buxton, all of the directors and officers of the corporation (the authority having the management and control of the business and affairs of the corporation under the charter and by-laws) with the exception of the defendant Charles S. McKendrick, who was notified but chose not to attend, the employment of the attorneys representing the plaintiff and their institution of this suit on behalf of the corporation was approved, confirmed, and ratified.

It is the universally accepted and recognized rule that contracts entered into or other transactions engaged in without authorization from the governing authorities of a corporation may be ratified either expressly or by implication by those having the authority, provided the action was not prohibited by the corporation's charter, by statute, or is not contrary to public policy. Vol. 2 Fletcher's Cyclopedia of Corporations 765, Sections 750–785; 3 Thompson on Corporations (3rd ed.) 738, Sections 2105–2170; 7 R.C.L. 662, Sections 663–668; 14A C.J. 373, Section 2232, etc.; 19 C.J.S., Corporations, § 1014; 13 Am.Jur. 927, Section 972; 7 A.L.R. 1446. The law and jurisprudence of this state are to the same effect. Articles 438, 439, 1840, 3000, and 3010 of the LSA–Civil Code; Bezou v. Pike, Lapeyre & Brother, 23 La.Ann. 788; Robinson Mineral Spring Co. v. De Bautte, 50 La.Ann. 1281, 23 So. 865; Perchmann v. Mt. Eagle Construction Co., 128 La. 894, 55 So. 567; J. D. Pace & Co. v. Alexandria Electric Rys. Co., 138 La. 879, 70 So. 867; Hibernia Bank & Trust Co. v. Dresser, 145 La. 133, 81 So. 875; Administrators of Tulane Educational Fund v. B. G. Carbajal, Inc., 180 La. 355, 156 So. 416; and Morgan v. Cedar Grove Ice Co., 215 La. 741, 41 So.2d 521. Such ratification is retroactive in effect and equivalent to prior authority. Grove v. Harvey, 12 Rob. 221; Dord v. Bonnaffee & Co., 6 La.Ann. 563. See, also, Vol. 2 Fletcher's Cyclopedia of Corporations 539, Section 618, page 851, Section 777; 3 Thompson on Cor-

porations (3rd ed.) 740, Section 2106; 1 C.J. 983, Section 88; 13 Am.Jur. 928, Section 973; and the articles at 5 Louisiana Law Review 308 and 100 University of Pennsylvania Law Review 649. As stated in 1 C J.S. Actions, § 29d, p. 1073, dealing specifically with actions, "An action instituted by one person without the authority of the real plaintiff may be ratified and adopted by the latter, while the action is pending, and such ratification will relate back to the commencement of the action. This may be done after a motion to dismiss has been made, but not after an actual dismissal."

The authorities cited by defendant in supplemental brief, Jeanerette Rice & Milling Co. v. Durocher, 123 La. 160, 48 So. 780; Pardee Co. v. H. Alfrey Heading Co., 129 La. 749, 750, 56 So. 660; and Layne & Bowler Co. v. Town of Winnfield, 134 La. 323, 64 So. 127, to the effect that where a suit is brought in the name of a corporation acting by and through its president there must be allegation and proof of his authority to institute the action, are not controlling from a factual standpoint since the proof in the first two disclosed there had been no authorization and no valid ratification and the question of ratification was not involved in the latter. See, additionally, a discussion of these cases in the annotation at 10 A.L. R.2d 701, where it is pointed out that these holdings have been superseded by the provision in the general corporation act of

1914 "That the president, vice-president or manager of any corporation organized under the laws of Louisiana * * * shall have power in the name and in behalf of the corporation to authorize the institution of any suit and other legal proceedings, and no exception of want of authority shall lie on the part of any defendant." Section 16 of Act No. 267 of 1914. LSA–R.S. of 1950, 12:35, is to the same effect. See, Schwing Lbr. & Shingle Co. v. Peterman, 140 La. 71, 72 So. 812.

In view of the authorities above cited with respect to ratification and its retroactive effect, the cases of Grove v. Harvey, 12 Rob. 221, and Smith v. McMicken, 12 Rob. 653, relied on by the defendants, are not controlling. These cases are not only decided on their peculiar facts and pleadings, which place them in the category of easily distinguishable and well-recognized exceptions to these rules, but Grove v. Harvey is, indeed, authority for the conclusion we have reached. There the court, after pointing out that the case was exceptional, states: "It is true, as a general rule, that a subsequent ratification gives validity to an unauthorized act of a negotiorum gestor, and that the maxim above quoted ('Omnis ratihabitio retrotrahitur, et mandato priori aequiparatur.') generally applies. It has, when fairly made, the same effect as an original authority to bind the principal, and our Code is explicit upon this subject," citing Articles 1789 and 2252 of the Revised Civil Code, now LSA–C.C. Articles 1795 and 2272.

For the reasons assigned the judgment appealed from is set aside, the exceptions are overruled, and the case is remanded to the district court for further proceedings. Costs in this court are to be borne by the defendants; all other costs are to await the final outcome of the case.