514 So.2d 237 (1987)
John Leo KEMNA, Jr.
v.
Aaron WARREN, Champion Insurance Company and State Farm Mutual Automobile Insurance Company.
No. 87-CA-276.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1987.
Stegeman & Marrero, Robert L. Marrero, Gretna, for plaintiff-appellant.
Lobman and Carnahan, David V. Batt, Metairie, for State Farm Mut. Auto. Ins. Co., defendant-appellee.
Before CHEHARDY C.J., and KLIEBERT and GAUDIN, JJ.
*238 CHEHARDY, Chief Judge.
This appeal arises from a judgment dismissing defendant State Farm Mutual Automobile Insurance Company (State Farm) from a personal injury action brought by plaintiff, John Leo Kemna, Jr. Plaintiff's suit was based on injuries he allegedly sustained in a vehicular accident while operating an automobile owned by his employer, Guillot-Vogt Associates, Inc.
The accident occurred on December 8, 1983, following which plaintiff sued the driver of the other automobile, Aaron Warren; Warren's insurer, Champion Insurance Company (Champion); and State Farm. In due course plaintiff settled with Warren and Champion, reserving his right to pursue State Farm under the uninsured/underinsured motorist (UM) provisions of his employer's automobile liability policy.
State Farm thereafter filed a motion for summary judgment, asserting that plaintiff's employer validly rejected UM coverage pursuant to LSA-R.S. 22:1406. The motion was denied and a bifurcated trial was held on the issue of coverage, following which judgment was rendered in defendant's favor.
On appeal plaintiff asserts the trial judge erred in dismissing plaintiff's action against defendant because the rejection of UM coverage by E. Carlton Guillot, Jr., president of Guillot-Vogt Associates, Inc., was not validly executed. Plaintiff contends the rejection was invalid because Guillot had neither actual nor apparent corporate authority to bind the corporation, citing LSA-R.S. 22:1406.
R.S. 22:1406(D)(1)(a) requires all automotive liability insurers to provide coverage to its insureds for damages caused by uninsured/underinsured motorists. The coverage mandated by the statute may, however, be rejected in writing by any named insured. Coverage initially rejected in a particular policy need not be provided for in a subsequent substitute or renewal policy (as long as it is in connection with a policy previously issued to the named insured by the same insurer). Any document signed by the named insured or his "legal representative" initially rejecting coverage conclusively becomes part of the policy.
In this case, the evidence shows that Guillot operated a consulting engineering business for many years prior to incorporating on June 10, 1980. Before the incorporation, the business was operated first as a sole proprietorship and then as a partnership between Guillot and Irvin Vogt. Guillot, Vogt, and the insurance agent for defendant testified that during the period before the company became a corporation Guillot, either as sole proprietor or managing partner, maintained the authority to obtain automotive insurance and always rejected UM coverage on the company vehicles.
Guillot and Vogt testified the format of the company was changed to a corporation for tax reasons and because it was better for continued growth. Both witnesses stated the incorporation only codified Guillot's previous authority. However, the corporation did not officially codify Guillot's authority to place insurance until a Board of Directors meeting on July 24, 1980. In the interim, nonetheless, Guillot continued his duties as usual and on July 11, 1980 signed a UM rejection slip on the vehicle plaintiff was driving at the time of the accident. Therefore, Guillot was not officially authorized to act on behalf of the corporate entity when he signed the rejection.
When a corporation is insured and wishes to reject UM coverage, an authorized agent may execute the rejection form. Tapia v. Ham, 480 So.2d 855 (La.App. 2 Cir.1985), writ denied 484 So.2d 138 (La. 1986); Rainey v. Gerarve, 461 So.2d 464 (La.App. 5 Cir.1984), writ denied 463 So.2d 601 (La.1985). Generally in order to bind the corporation, a corporate official must have acted with actual or apparent authority. Arcemont v. Voisin, 468 So.2d 785 (La.App. 1 Cir.1985), writ denied 474 So.2d 947 (La.1985). However, a corporation may also be bound by the act of a corporate official, even though the act of the official was without formal authority, in those circumstances where it is shown that the corporation ratified the act. Acadian *239 Production Corp. of La. v. Savanna Corp., 222 La. 617, 63 So.2d 141 (1953); Russ v. United Farm Equipment Co., 230 La. 889, 89 So.2d 380 (1956); State Block, Inc. v. Poche, 444 So.2d 680 (La.App. 5 Cir.1984); McCarty v. Panzico, 467 So.2d 1229 (La.App. 2 Cir.1985); Holloway v. Acadian News Agency, Inc., 488 So.2d 328 (La.App. 3 Cir.1986). Such ratification may be express or implied, provided the action is not prohibited by the corporation charter, by statute, or is not contrary to public policy. Acadian Production Corp. of La. v. Savanna Corp., supra; McCarty v. Panzico, supra. The actions of the official which are ratified by the corporation are, in addition, given retroactive effect. Acadian Production Corp. of La. v. Savanna Corp., supra; McCarty v. Panzico, supra.
In this case plaintiff argues the signatory of the UM rejection form, Guillot, was acting without express or apparent corporate authority when he signed the rejection form on July 11, 1980. The evidence supports plaintiff's contention as to Guillot's express authority since the document vesting Guillot with that responsibility (the position guide manual) was not adopted by the Board of Directors until July 24, 1980. However, aside from the question of apparent authority, the evidence also shows the corporation ratified that act by subsequently delegating insurance matters as part of Guillot's duties as president when it adopted the corporate position guide manual. In addition, Vogt, the only other member of the Board of Directors, testified the intent of the corporate members was to codify, but not change, Guillot's previous authority to obtain insurance for the company, including his right to reject UM coverage. Because the corporation thus ratified Guillot's rejection of UM coverage, we hold the rejection is valid under R.S. 22:1406, and further find the trial court did not err in dismissing plaintiff's action against defendant State Farm.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be paid by appellant.
AFFIRMED.