GAUDIN, Judge.
These consolidated cases arose as a result of several traffic accidents involving vehicles owned by the Parish of Jefferson and insured by Travelers Insurance Company. At issue was the rejection of uninsured motorist coverage by Parish employee William Schuler.
The district judge found that Schuler did have legal authority to reject UM coverage; accordingly, various claims alleging valid UM coverage were dismissed. We affirm.
Schuler, according to the testimony and evidence, did not have express, written authority to sign rejection forms. The evidence, however, shows beyond much doubt that he had implied and apparent authorization to execute the forms. The testimony further indicated that the Parish has never purchased UM motorist coverage (except for the parish president’s automobile) and that Schuler, employed by the Department of Finance where insurance policies were reviewed and maintained and where premiums were paid, executed rejection forms year after year with the knowledge and approval of parish executives and the Insurance Advisory Committee.
From the bench, the trial judge stated:
“The plaintiffs in this lawsuit have sued Travelers claiming that Travelers provides uninsured motorists coverage for Jefferson Parish vehicles in which they were riding on the date of their accident while employed by the Parish. The Parish and Travelers consistent position has been that the Parish had never purchased this UM coverage. That for many years when they bought the insurance coverage, they never purchased UM coverage on any vehicles owned by the Parish, evidently, except the one that’s assigned to the Parish President. The evidence indicates that Mr. Schuler who is the Payroll Officer and who’s the custodian of the Parish’s insurance policies has always rejected this UM coverage. He’s done so since 1983. Mr. Schuler has certainly worked for this Parish a long time. I think he said some 34 years. He’s worked under a number of Finance Directors. He’s assumed many duties of the Finance Director over the years, and at some point, the Finance Directors evidently gave him this authority to take charge of the policies, be the keeper, if you will, custodian of the policies, make sure the premiums were paid, handle claims, and since 1983, signed these rejections ... It seems to me that the Parish through its Committee, Advisory Committee has consistently ratified what Mr. Schuler did over the years ... From all the evidence that I’ve heard here today, I think he had the apparent authority. I think what he did was ratified, and it seems to me it was within his job description and job duties to do what he did. So I specifically find that he had the authority to reject the coverage
[[Image here]]
The facts of Kemna v. Warren, 514 So.2d 237 (La.App. 5 Cir.1987), are quite similar to the instant case. In Kemna, this *9 court affirmed UM rejection under LSA-R.S. 22:1406 by a corporate officer who had apparent (but not express) authority. Prom pages 238 and 239:
"When a corporation is insured and wishes to reject UM coverage, an authorized agent may execute the rejection form. Tapia v. Ham, 480 So.2d 855 (La. App. 2 Cir.1985), writ denied 484 So.2d 138 (La.1986); Rainey v. Gerarve, 461 So.2d 464 (La.App. 5 Cir.1984), writ denied 463 So.2d 601 (La.1985). Generally in order to bind the corporation, a corporate official must have acted with actual or apparent authority. Arcemont v. Voisin, 468 So.2d 785 (La.App. 1 Cir.1985), writ denied 474 So.2d 947 (La.1985). However, a corporation may also be bound by the act of a corporate official, even though the act of the official was without formal authority, in those circumstances where it is shown that the corporation ratified the act. Acadian Production Corp. of La. v. Savanna Corp., 222 La. 617, 63 So.2d 141 (1953); Russ v. United Farm Equipment Co., 230 La. 889, 89 So.2d 380 (1956); State Block, Inc. v. Poche, 444 So.2d 680 (La. App. 5 Cir.1984); McCarty v. Panzico, 467 So.2d 1229 (La.App. 2 Cir.1985); Holloway v. Acadian News Agency, Inc., 488 So.2d 328 (La.App. 3 Cir.1986). Such ratification may be express or implied, provided the action is not prohibited by the corporation charter, by statute, or is not contrary to public policy. Acadian Production Corp. of La. v. Savanna Corp., supra; McCarty v. Panzico, supra. The actions of the official which are ratified by the corporation are, in addition, given retroactive effect. -Acadian Production Corp. of La. v. Savanna Corp., supra; McCarty v. Panzico, supra.”
We are mindful of Desormeaux v. Lalonde, 578 So.2d 226 (La.App. 3 Cir.1991), writs denied at 581 So.2d 705, 581 So.2d 706 (La.1991), in which the court said that an UM rejection letter signed by the City of Lafayette’s risk manager was not effective because a parish ordinance creating the risk manager’s position did not specifically authorize him to reject UM coverage. There was no trial court evidence showing that the risk manager had apparent authority to be the city’s legal representative in this regard and, further, there was no testimony indicating that the city council or city attorney ratified the risk manager’s rejection. These factual circumstances are drastically different from those of the consolidated cases involving Schuler.
Whether an employee has the apparent— i.e., legal — authority to reject UM coverage is a factual determination. The burden of proving actual authority is on the party seeking to bind the governmental body. See Desormeaux, supra, at page 230. Here, the evidence overwhelmingly supports these trial court findings: (1) Schuler had apparent authority, (2) the parish did not pay for or expect to have UM coverage and (3) there was clear and annual ratification of the rejection.
Appellants are to bear costs of this appeal.
AFFIRMED.